**KAHL v. UNITED STATES.**

No. 4580.

United States Court of Appeals
Tenth Circuit.

May 9, 1953.

Rehearing Denied May 27, 1953.

Bruce Kistler, Denver, Colo., for appellant.

Harry G. Foreman, Norman, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment denying a motion to vacate under Title 28 U.S.C.A. § 2255.

The indictment returned in the Western District of Oklahoma was intended to charge a conspiracy to commit the offense of "causing or attempting to cause" the escape of named prisoners, including the petitioner, from the Federal Reformatory at El Reno, Oklahoma, in violation of Title 18 U.S.C.A. § 252 (now § 752). Upon a plea of guilty, the petitioner was sentenced to a term of three years authorized by § 252.

Upon the hearing of the motion to vacate, it was apparently conceded, and the trial court held, that the facts alleged in the indictment do not charge a valid conspiracy under § 252. This is so because § 252 applies only to prison officials and outsiders, and is inapplicable to inmates. The trial court took the view however that the indictment nevertheless charged a valid conspiracy under Title 18 U.S.C.A. § 88 (now § 371) to commit an offense against the United States, to-wit to escape or attempt to escape from a penal institution in violation of Title 18 U.S.C.A. § 753(h) (now § 751). The court accordingly corrected its judgment to impose a sentence of two years, the maximum authorized by § 88.

On appeal the petitioner concedes the firmly established concept carried over into Rule 7(c) of the Fed.Rules of Crim.Proc., 18 U.S.C.A., to the effect that error in the citation or omission of the statute alleged to have been violated is not grounds for dismissal "if the error or omission did not mislead the defendant to his prejudice." It is earnestly contended, however, that the indictment is fatally defective because, given the liberal construction accorded under the rule, and having in mind the constitutional prerequisites, it does not attempt to charge a conspiracy to violate § 753(h), and does not have the substantial effect of doing so.

The appellant points to the critical words, "whoever escapes or attempts to escape" in old § 753(h) and "causing or attempting to cause the escape of them" used in the indictment to read upon old § 252, and insists that the charging words in the indictment do not with sufficient clarity apprise him of the nature of the charge against him so that he will not be mislead or prejudiced. It is suggested that a conspiracy to escape or attempt to escape from a federal penal institution condemned under § 753(h) is one thing and a conspiracy to cause or attempt to cause the escape from a federal penal institution is quite another thing; that while it is unlawful to conspire to escape or attempt to escape, it is not unlawful to conspire to cause or attempt to cause the escape of oneself.

It may well be that the rhetorical variance in the challenged words of the indictment and those of the escape statute, standing alone, would tend to mislead the accused to his prejudice. But the indictment does not stop there. In meticulous and

prolix detail the indictment charged that the six named defendants, " * * * did unlawfully conspire, combine, confederate and agree together and with each other to the effect that they would procure various and sundry weapons and other substances designed for the purpose of, and capable of killing, injuring or disabling any officer, agent or employee of said penal institution who would offer resistance to their escape from said prison, and that by means of such weapons would thereupon overpower certain employees at said institution and by means thereof would effect the escape of them the said above named defendants from said institution and that said purpose would further be effected by the procuring of orders or call slips which would permit them to call at the doctor's office within said institution, which orders or call slips were procured for the purpose and with the intent of promoting said unlawful conspiracy." The indictment then went on to allege that for the purpose of effecting the scheme and design, the petitioner did certain enumerated overt acts.

■ The office of an indictment or information is to state concisely and definitely the essential facts of the offense charged, Rule 7(c) Fed.Rules of Cr.Proc.; and a plea of guilty to an indictment admits all facts well pleaded, waives any defect in form, and is a confession of guilt. Lindsay v. United States, 10 Cir., 134 F.2d 960, certiorari denied 319 U.S. 763, 63 S.Ct. 1316, 87 L.Ed. 1714; Weatherby v. United States, 10 Cir., 150 F.2d 465; Thornburg v. United States, 10 Cir., 164 F.2d 37.

At the time the acts alleged in the indictment were committed, § 88 of Title 18 U.S.C.A. made it unlawful to conspire to "commit any offense against the United States". If, therefore, the indictment charges a conspiracy to violate any valid law of the United States with sufficient clarity to apprise the accused of the nature of the charge so that he can intelligently defend against it and plead it in bar to a future prosecution, it is sufficient even though it may refer to erroneous statutes and contain extraneous statements of the pleader. United States v. Crummer, 10 Cir., 1945, 151 F.2d 958; Smith v. United States, 10 Cir., 1944, 145 F.2d 643; Mitchell v. United States, 10 Cir., 1944, 143 F.2d 953.

■ Viewed in its entirety and given its ordinary meaning, we think the language of this indictment met those requirements.

It is said that the sentence imposed, being in excess of the maximum authorized by the applicable statute, and the excess portion being inseparable from the valid portion, the entire sentence is void. 24 C.J.S., Criminal Law, § 1584, pages 112-114.

Since United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 751, 38 L.Ed. 631, it has been almost uniformly held that "a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence." Where, however, the unauthorized portion of the sentence is not separable from the valid portion and cannot be dealt with separately, the whole sentence has been held to be void, and the prescribed procedure has historically been to discharge the prisoner on a writ subject to the right of the sovereign to recharge and the court to resentence within the provisions of the law. Biddle v. Thiele, 8 Cir., 1926, 11 F.2d 235.

■ However, since Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, the remedy for a sentence void in whole or in part is to apply to the court for vacation of the sentence and proper resentence in accordance with the statute under which the accused is adjudged guilty. United States v. Lynch, 7 Cir., 1947, 159 F.2d 198. This exclusive remedy was recognized and adopted in Title 28 U.S.C.A. § 2255 by expressly providing that where "a prisoner in custody under sentence of a court * * * claiming the right to be released upon the ground * * * that the sentence was in excess of the maximum authorized by law * * * may move the court * * * to vacate, set aside or correct the sentence." And, "If the court finds * * * that the sentence

imposed was not authorized by law or otherwise open to collateral attack * * *" it shall "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate * * * without requiring the production of the prisoner at the hearing."

This rule was intended to clarify and simplify the procedure employed in the ancient common law writs of coram nobis and habeas corpus, and to the extent applicable, to supplant them. See Reviser's Notes under Title 28 U.S.C.A. § 2255, page 763; and see Barrett v. Hunter, 10 Cir., 180 F.2d 510, annotation, 20 A.L.R.2d 976.

We think the trial court followed the prescribed procedure. The petitioner was not prejudiced thereby, and the judgment is affirmed.