**Paul Fisher ROGERS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8045.**

United States Court of Appeals
Tenth Circuit.

Aug. 13, 1965.

J. L. McConnell, Denver, Colo., for appellant.

Lawrence A. McSoud, Asst. U. S. Atty., Tulsa, Okl. (John M. Imel, U. S. Atty., and Phillips Breckinridge, Asst. U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

---

PER CURIAM.

The appellant Rogers is confined in the United States Penitentiary at Leavenworth, Kansas, where he is serving two 5-year sentences for the transportation of automobiles in interstate commerce, in violation of 18 U.S.C. § 2312. In proceedings under 28 U.S.C. § 2255, he challenged the validity of the sentences upon the grounds of inadequacy of his counsel and that he was sentenced by a Judge other than the one who accepted his plea of guilty. The trial court denied the motion without a hearing.

On September 8, 1964, Rogers appeared before the Honorable Allen E. Barrow, United States District Judge for the Northern District of Oklahoma, with counsel of his own choice, at which time, after having been fully advised of his rights and the consequences of a conviction, he withdrew his former plea of not guilty and entered a plea of guilty to both counts of the indictment. Thereafter, on September 16, 1964, Rogers again appeared in the aforesaid court, the Honorable Luther Bohanon presiding, at which time, without objection of Rogers or his counsel, Rogers was sentenced to imprisonment for a period of five years on each count with the provision that the sentences should be served concurrently.

While it is the better practice for the Judge who accepts the plea of guilty to impose the sentence, if such sentence is pronounced by another Judge with concurrent jurisdiction, the judgment and sentence is not void and will not be set aside in collateral proceedings. Calvaresi v. United States, 10 Cir., 216 F.2d 891, reversed on other grounds 348 U.S. 961, 75 S.Ct. 522, 99 L.Ed. 749; Owens v. Hunter, 10 Cir., 169 F.2d 971.

Giving Rogers' motion the benefit of the most liberal construction, he questions the adequacy of his counsel upon the grounds that no appeal was taken from the sentences after a request to do so had been made, and that counsel should have known that Rogers had an alibi defense that could have been proved on trial, and that a plea of guilty should not have been permitted by counsel. In other words, Rogers says that even though he pleaded guilty, he could have proved that he was in jail at the time of the alleged offenses.

There is nothing in the record which indicates that counsel for Rogers were not capable, practicing attorneys,[1] or that their representation was inadequate. Rogers was not a stranger in the courts. Since 1945 he has been charged and convicted of numerous crimes, including felonies. The record is clear that the plea of guilty was voluntarily made, with full knowledge of its consequences. A plea of guilty admits all material facts pleaded in the indictment, and constitutes a confession of guilt. These facts may not thereafter be controverted in collateral proceedings. Godish v. United States, 10 Cir., 182 F.2d 342; Kahl v. United States, 10 Cir., 204 F.2d 864; Smith v. United States, 10 Cir., 205 F.2d 768; Hoover v. United States, 10 Cir., 268 F.2d 787; Adam v. United States, 10 Cir., 274 F.2d 880; Williams v. United States, 10 Cir., 283 F.2d 59.

The court did not err in denying the motion without a hearing.

Affirmed.

1. Throughout the proceedings Rogers was represented by two lawyers of his own choice, and both were present when sentence was pronounced. Rogers was then asked if he was "satisfied with the representation in this matter", and his reply was "Yes, Sir."