Harry ROBERTS, Jr., Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8143.

United States Court of Appeals Tenth Circuit.

Aug. 23, 1965.

Paul S. Goldman, Denver, Colo., Harry Roberts, Jr., pro se., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and DOYLE, District Judge.

PER CURIAM.

The appellants Roberts, a prisoner in the Kansas State Penitentiary, brought this habeas corpus action in the United States District Court for the District of Kansas, alleging that he was unlawfully sentenced in the Kansas court and is entitled to his release. This is an appeal from an order dismissing the petition without a hearing. The record is not clear whether petitioner has exhausted his state remedies. In view of this uncertainty, the trial court disposed of the case on its merits, and we shall do likewise.

On November 27, 1963, with his retained counsel, Roberts appeared in the District Court of Sedgwick County, Kansas, to be arraigned on two criminal informations filed in that county. In Case No. B–21151, charges were for burglary in the third degree, and larceny. The crime charged in Case No. CR–444 was grand larceny. A plea of guilty was entered to both charges in B–21151, and Roberts was sentenced to serve a term of from five to ten years for the crime of burglary, and a term of from one to five years for larceny, the sentences to run concurrently. A plea of guilty was then entered in Case CR–444, and a sentence of from one to five years was imposed with the provision that it be served consecutively with the sentences in B–21151. A short time thereafter it was called to the attention of the Court that the maximum sentence for burglary in the third degree, as charged in B–21151, was from one to five years and that the five to ten year sentence imposed for that crime was greater than the statutory maximum. In the absence of Roberts but in the presence of his counsel, this portion of the sentence was vacated and

**300**

the term reduced to not less than one year or more than five years, to be served consecutively with the sentence in CR–444. The petitioner makes numerous objections to the sentences in his brief, but the only one which merits any consideration is that he had a constitutional right to be present when one of his sentences was reduced. However, it is not necessary to decide this question.

 No contention is made that the informations to which the petitioner pleaded guilty did not charge crimes under the Kansas statute. There are no allegations of fact, and there is nothing in the record which would warrant a finding that the petitioner was not adequately represented by counsel of his own selection or that he did not fully understand the charges against him. The record is clear that the guilty pleas were made voluntarily. A plea of guilty is an admission of all material facts pleaded in the information. Rogers v. United States, 10 Cir., 350 F.2d 297; Godish v. United States, 10 Cir., 182 F.2d 342; Kahl v. United States, 10 Cir., 204 F.2d 864; Smith v. United States, 10 Cir., 205 F.2d 768; Hoover v. United States, 10 Cir., 268 F.2d 787; Adam v. United States, 10 Cir., 274 F.2d 880; Williams v. United States, 10 Cir., 283 F.2d 59.

 Even if the one to five year sentence imposed on the third degree burglary charge was found to be void, the petitioner would not be entitled to his release because there are two other valid one to five year sentences (one concurrent and one consecutive) which are unserved and unchallenged. The law is well settled that habeas corpus will not lie unless the prisoner is entitled to his immediate release. Browning v. Crouse, 10 Cir., 327 F.2d 529; Wood v. Crouse, 10 Cir., 327 F.2d 81; Osborne v. Taylor, 10 Cir., 328 F.2d 131, cert. denied 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed.2d 1051, rehearing denied 379 U.S. 874, 85 S.Ct. 25, 13 L.Ed.2d 82.

Affirmed.