**Ralph C. ROETH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24278.**

United States Court of Appeals
Fifth Circuit.

July 10, 1967.

Jay M. Vogelson, Dallas, Tex., for appellant.

Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM:

On March 15, 1965, pursuant to Rule 20 Fed.R.Crim.P., appellant was arraigned in Texas on a California indictment charging him with a violation of the Dyer Act, 18 U.S.C.A. § 2312. At that time he was informed of his right to

counsel, waived such assistance, and pleaded guilty. Thereafter, on March 26, 1965, he was arraigned on a Texas information charging him with another Dyer Act violation. Again, he waived his right to counsel and pleaded guilty. Approximately two months later, on May 28, 1965, after a classification study, appellant was given five and three year sentences to run consecutively pursuant to the Youth Correction Act, 18 U.S.C.A. § 5010(c). Because of the inapplicability of the Youth Correction Act, however, appellant was returned to court on June 10, 1965, at which time the same consecutive sentences were again imposed, this time pursuant to 18 U.S.C.A. § 4082.

■ In this motion under 28 U.S.C.A. § 2255, appellant's allegations are (1) that his plea of guilty was induced by promises by an Assistant United States Attorney of a concurrent sentence and was therefore not voluntarily made; (2) that he was not adequately advised that his right to counsel extended to the time of sentencing, so that he did not intelligently waive that right; (3) that he had a right to be advised in advance of his resentencing so as to be able to prepare statements and arguments; and (4) that he was entitled to access to the Presentence Report and Classification Study. The district court, after a plenary hearing, found with respect to appellant's allegations that no Assistant United States Attorney visited appellant at the time alleged, that appellant's guilty plea was not made in reliance upon any representations or promises of concurrent sentences, that the admonition given appellant prior to the taking of his guilty plea "was intended and so worded as to effectively advise Petitioner of his right to counsel in connection with any proceedings against him," and that appellant waived his right to counsel with such full understanding. These findings are amply supported by the evidence.

■ We realize that appellant had a constitutional right to be represented by counsel at every stage in the proceedings against him, including sentencing, Ellis v. Ellisor, 5 Cir. 1956, 239 F.2d 175; Davis v. United States, 8 Cir. 1955, 226 F.2d 834. However, we agree with the court below that appellant was adequately advised, pre Miranda,[1] of his right to counsel and that he intelligently waived it at the March 26 Texas arraignment.[2] The thrust of appellant's oral argument was that the court, by asking appellant the following question at his arraignment on the California charge, misled him into believing that he had the right to counsel *only* at his arraignment and at no other time and that he did not have the right to counsel at his sentencing.

"THE COURT: * * *

Now, each one of you is entitled to have a lawyer and it won't cost you anything. You do not have to have a lawyer.

* * * * * *

The question I want to find out from each of you is whether at this time for this hearing you wish me to appoint an attorney for you. * * *"

---

1. 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.

2. Proceedings: March 26, 1965
"THE COURT: * * * You don't have a lawyer?
DEFENDANT ROETH: No, ma'am.
THE COURT: You know that I can appoint one for you and it won't cost you anything. Do you want me to appoint one or do you want to go ahead without one?
DEFENDANT ROETH: May I see what the charge is?
THE COURT: Yes,—don't you know?
DEFENDANT ROETH: No, ma'am.
THE COURT: All right.

(At this time Counsel Timmins, Assistant U. S. Attorney, presented instrument to Defendant Roeth, who read the same.)
MR. TIMMINS: You understand the charge?
DEFENDANT ROETH: Yes, I do.
MR. TIMMINS: All right.
THE COURT: Do you want a lawyer?
DEFENDANT ROETH: No, ma'am.
THE COURT: Are you sure you want to go ahead without one?
DEFENDANT ROETH: Yes, ma'am.
THE COURT: All right, have a seat, please."

 

It is clear to us from reading the above portion of the transcript in context [3] that the trial judge did not mislead appellant as the isolated quotation might indicate, but rather, that the court took special precaution to advise appellant that he would be sentenced at another time and that by not requesting counsel "at this hearing," appellant would not lose his right to counsel at the later sentencing. We do not here base our holding on the warning given appellant at the arraignment on the California charge, but we cannot ignore the fact that his later waiver [4] was made pursuant to the court's explicit language thereat. The testimony, quoted in full, amply supports the district court's finding that the admonition was calculated to and effectively did advise appellant of his right to counsel in connection with any proceedings against him.

Appellant's further contention that the district court erred in not notifying him in advance that he was to be resentenced is wholly without merit. Lack of advance notice was, at most, harmless error, since the resentencing resulted only in the identical sentences being made pursuant to the Adult Provision rather than the Youth Correction Act.

As for appellant's allegation that he was entitled to know the contents of the presentence report and classification study, we find no error on the part of the trial court. Even under Rule 32, F.R. Crim.Proc., as amended, disclosure of the presented report is discretionary with the court. The rule as formerly worded, however, did not expressly state whether the court might disclose all or part of the report to the defendant or his counsel. But it was settled that a defendant might not demand inspection as a matter of right, see 8 Moore, Federal Practice § 32.03 [4], and without appellant's having made any request whatever, we cannot here say that failure to disclose the contents of the report was reversible error. Accordingly, the order of the district court denying appellant's motion for writ of habeas corpus is

Affirmed.

3. The entire warning at the March 15, 1965 arraignment was as follows:
"THE COURT: * * *
Now, each one of you is entitled to have a lawyer and it won't cost you anything. You do not have to have a lawyer. I'm tellIng you what the procedure is going to be. All we're going to have at this time is an explanation of what you are charged with, an explanation of what the maximum sentence is, and then you will either plead guilty or not guilty.
Now, I will not sentence you at this time if you plead guilty. It will go over to another date, at which time you can make any explanation of what you did. You can have any people come here to speak for you. Your attorney, if you have one, can make any statement in regard to it.
The question I want to find out from each of you is whether at this time for this hearing you wish me to appoint an attorney for you, and I'm going to call each of your names and you can say whether or not you wish one or not.
Ralph Charles Roeth?
DEFENDANT ROETH: No, ma'am."

4. Footnote 2 supra.