**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Dale CHAPMAN, Defendant-
Appellant.**

**No. 27541.**

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1969.

Jack R. Nageley, Miami Beach, Fla., and Harvey S. Swickle, Miami Beach, Fla., for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, COLEMAN, and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

The appellant, Robert Dale Chapman, was indicted on six counts of Mail Fraud in violation of 18 U.S.C. § 1341. He was likewise indicted on six counts of Mail Fraud for using a fictitious name or address in violation of 18 U.S. C. § 1342. After pleading not guilty appellant moved to suppress the evidence. Upon denial of this motion, Chapman changed his plea to Nolo Contendere, which was accepted by the Court as to count 1 of the indictment. He was sentenced to serve three years on this count and the remaining eleven counts were dismissed.

We affirm the judgment of the District Court.

The appeal raises only two issues: (1) that the evidence against Chapman was the product of an unlawful arrest, and (2) the trial court erred in declining to furnish him with portions of the pre-sentence investigation.

What Chapman did was to take unto himself the name of Dr. M. Bergal, a real person, and then registered himself with an answering service in Miami by his assumed name. He then ordered numerous airplane tickets from at least six different airlines, directing that they be delivered to Dr. Bergal at the answering service. He then went to the answering service, picked up the airline tickets, and signed a receipt for them, using the name of Dr. M. Bergal.

Unfortunately for Chapman, several Postal Inspectors had been informed in advance of his ordering these plane tickets. They knew that the real Dr. Bergal was in Gary, Indiana, and had not ordered the tickets. Hence, the person doing the ordering had to be an impostor, perpetrating a fraud. When Chapman, posing as Bergal, obtained the tickets and signed the receipt for them, the Postal Inspectors moved in on him. Regardless of whether they told him formally that he was under arrest they deprived him of his liberty of movement. They gave him the *Miranda* warnings, and took the airline tickets from his hand. Chapman subsequently made an effort to run, in which he also failed.

Chapman moved to suppress the evidence as being the product of an unlawful arrest. This motion was denied, and correctly so.

■ The initial burden of appellant's brief is that Postal Inspectors, at the time of this arrest, August 20, 1968, had no authority to make arrests. This is true, see our decision in Alexander v. United States, 390 F.2d 101 (1968). Congress has since specifically amended the statute to expressly authorize arrests for violation of the postal laws by Postal Inspectors, 18 U.S.C. § 3061 (October 12, 1968).

In *Alexander*, however, we recognized that Postal Inspectors, regardless of the lack of official authority, may make a citizen's arrest if authorized by the State in which the arrest takes place.

■ The arrest of Chapman was a lawful, valid citizen's arrest under Florida law; the seizure of the envelopes containing the fraudulently acquired airplane tickets was directly incidental to such arrest, Wion v. United States, 10 Cir., 1963, 325 F.2d 420, cert. denied 377 U.S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 309 (1964); Ward v. United States, 9 Cir., 1963, 316 F.2d 113, 118, cert. denied 375 U.S. 862, 84 S.Ct. 132, 11 L.Ed.2d 89 (1963); Mauldin v. United States, 5 Cir., 1964, 328 F.2d 779; Dorsey v. United States, 5 Cir., 1949, 174 F.2d 899, cert. denied 338 U.S. 950, 70 S.Ct. 479, 94 L. Ed. 586, cert. denied 340 U.S. 878, 71 S. Ct. 116, 95 L.Ed. 639 (1950); Collins v. State (Florida C.A., 2nd District, 1962), 143 So.2d 700, cert. denied by the Supreme Court of Florida, 148 So.2d 280 (Florida, 1962).

■ Moreover, the officers had every reason to believe from credible information that the envelopes in full view, in appellant's hands, contained the airline tickets feloniously acquired, so, while there was a lawful seizure, there was not a search, see Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067 (1968); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).

■ Lastly, we find no error in the refusal of the trial court to disclose the pre-sentence report, or any part of it, see Rule 32(c), Federal Rules of Criminal Procedure, Roeth v. United States, 5 Cir., 1967, 380 F.2d 755; United States v. Fischer, 2 Cir., 1967, 381 F.2d 509, cert. denied, 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185; Thompson v. United States, 10 Cir., 1967, 381 F.2d 664.

The judgment of the District Court is

Affirmed.