**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James W. LLOYD, Defendant-Appellant.**

**No. 27414**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 20, 1970.

Rehearing Denied May 19, 1970.

------

Sam R. Wilson, McPhail, Wilson & Gee, Houston, Tex., for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

■ This appeal arises from appellant's conviction after a jury trial of conspiracy to make, possess, pass and cause to be made, possessed and passed certain counterfeit twenty dollar ($20.00) federal reserve notes.[1]

Appellant Lloyd raises nine specifications of error to support a reversal. After a careful study of the entire record in its bearing upon these numerous contentions, we conclude that they are completely lacking in substance. Accordingly, the conviction must stand.

Three of appellant's specifications of error pertain to the credibility of the corroborating testimony of a prosecution witness and the trial court's conduct with respect to the taking of such testimony. The issue of credibility was one for the jury, and we are convinced that any possible error on the part of the trial judge was indeed harmless.

■■ An additional three points of error are devoted to the sufficiency of the evidence to support a conviction under the charges of the indictment. It is contended that the government charged appellant with a single conspiracy while the evidence produced by the government showed two or more conspiracies. This contention is without merit. A single agreement to commit an offense, or even a number of offenses, does not become several conspiracies because the activity continues over a period of time. Braverman v. United States, 317 U.S. 49, 63 S. Ct. 99, 87 L.Ed.2d 23 (1942). The distinguishing factor is that a single conspiracy has a common end or single unified purpose. United States v. Rosenberg, 195 F.2d 583, 593 (2nd Cir., 1952). In the present case, the "common end" was the passing of a large quantity of counterfeit bills over a period of time.

■ Appellant's seventh contention is that the trial judge erred when he considered the report of a presentence investigation without permitting appellant to inspect the same. This contention has no merit because presentence reports are not available to a defendant as a matter of right. The disclosure of the contents of a presentence report to a defendant is a matter of discretion with the court. The restrictive rules of evidence properly applicable to the conduct of a trial are inapplicable to the imposition of a sentence. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), and United States v. Durham, 181 F.Supp. 503 (D.C.1960), cert. den. 364 U.S. 854, 81 S.Ct. 83, 5 L.Ed.2d 77 (1960).

■■ It is further alleged by appellant that error occurred because the conspiracy count on which he was convicted contained an overt act which was also the subject of a substantive count of which he was acquitted. No error occurred

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

here. Inconsistency between verdicts on different counts of the indictment does not vitiate convictions on those counts of which defendant is found guilty. Each count is separately considered and if supported by the evidence, may stand. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932).

■ Finally, appellant contends that he was deprived of a fair trial because the trial judge allowed one witness to offer testimony concerning transactions not included in the pretrial memorandum. This was a matter of discretion with the trial judge and no abuse of discretion has been shown. Furthermore, even had such testimony been excluded, it would have had no effect upon the judgment because it concerned a transaction the proof of which was not necessary to support the conviction.

No reversible error being shown, the judgment below is

Affirmed.