**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Albert BAKEWELL, Defendant-Appellant.**

**No. 27715.**

United States Court of Appeals,
Fifth Circuit.

July 7, 1970.

Rehearing Denied and Rehearing En Banc Denied Aug. 27, 1970.

David S. Yost, Lawrence J. Robinson, Sarasota, Fla., Cramer, Robinson, Ginsburg & Ross, Sarasota, Fla., for defendant-appellant.

John F. Briggs, U. S. Atty., Tampa, Fla., Robert B. McGowan, Oscar Blasingame, Asst. U. S. Attys., Edward F. Boardman, U. S. Atty., Bernard H. Dempsey, Jr., Asst. U. S. Atty., for plaintiff-appellee.

Before JONES, WISDOM and COLEMAN, Circuit Judges.

PER CURIAM:

The appellant, John Albert Bakewell, is a truck driver who was indicted on four counts of unlawfully selling and

possession for the purpose of sale of amphetamine tablets, a depressant or stimulant drug within the meaning of 21 U.S.C.A. § 321(v). Bakewell entered a plea of not guilty as to all counts. He later changed his plea on Count 1 to a plea of guilty and the other counts were subsequently dismissed. One of the judges of the court accepted the plea of guilty and deferred sentence pending a presentence investigation. Thereafter Bakewell was given a 6-months sentence by another judge of the court.

On the day he was to commence serving his sentence, Bakewell filed a motion for reduction of sentence and his counsel indicated a desire to inspect the presentence investigation report so that he might correct any errors contained therein. He was not permitted to inspect the report. Bakewell's motion for reduction of sentence and seeking probation was denied. This appeal followed. On appeal he urges that he should have been given probation rather than confinement, that he was entitled to be sentenced by the judge who took his plea rather than by another, and that he should have had an opportunity to inspect the presentence report and to prove if he could that statements in it were wrong and if wrong, he should have been resentenced in the light of the corrected report.

■ There is no merit in the contention that Bakewell should have been given probation. His sentence was only one-half of what it might have been.

■ It is the better practice in cases where a trial is had before a court with or without a jury for the judge presiding at the trial to impose the sentence. However, the imposition of a sentence by another judge of the same court is not void. Rogers v. United States, 10th Cir. 1965, 350 F.2d 297, 298; Owens v. Hunt-er, 10th Cir. 1948, 169 F.2d 971. There is less need for the sentence to be imposed by a judge accepting a plea of guilty than in the case where an evidentiary trial has been held. Rule 25 [1] does not preclude the application of the principle here announced.

■ The American Bar Association and the American Law Institute in their proposals for the revision of criminal procedures recommend that a person convicted of a crime or his attorney should be permitted to see a report of a presentence investigation. American Bar Association Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures, Approved Draft § 4.4, 1968; American Law Institute, Model Penal Code § 7.07(b), 1962. These proposals have not been and we have no assurance that they will be adopted into the Federal Rules of Criminal Procedure. In our decision of this case we look to the precedents of this Court. In the most recent of the decisions of this Court the rule is thus stated:

"The disclosure of the contents of a presentence report to a defendant is a matter of discretion with the court. The restrictive rules of evidence properly applicable to the conduct of a trial are inapplicable to the imposition of a sentence." United States v. Lloyd, 5th Cir. 1970, 425 F.2d 711.

This rule is not novel and has been applied many times. United States v. Chapman, 5th Cir. 1969, 420 F.2d 925; Good v. United States, 5th Cir. 1969, 410 F.2d 1217; Roeth v. United States, 5th Cir. 1967, 380 F.2d 755.

The appellant's motion for a stay is moot and therefore is denied.

---

1. *"After Verdict or Finding of Guilt.* If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial." Fed. R.Crim.P. 25(b).

Finding no merit in any of the appellant's contentions, the judgment and sentence of the district court is

Affirmed.

WISDOM, Circuit Judge (dissenting):

The liberty of an individual and the length of that individual's imprisonment often turn on unsupported statements in a pre-sentence report by an overworked probation officer functioning as investigator, psychologist, and psychiatrist. To my mind, the pre-sentence report is out of place in an adversary system unless the defendant is informed of the substance of the materials on which the court will rely and has an opportunity to correct error and to show mitigating circumstances. In this case where the defendant pleaded guilty, the report was the court's only source of information on the offense for which the defendant was sentenced.

I am unimpressed with the precedential value of the short per curiam opinions cited by the majority and others that might have been cited. We have been playing "follow-the-leader" without giving consideration to the development of judicial thinking in the field of sentencing. I agree with the standards recommended in the American Bar Association Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures, Approved Draft § 4.4, 1968[1] and the American Law Institute, Model Penal Code § 7.07(b), 1962. For an excellent treatment of the subject, see Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv.L.Rev. 821, 835 *et seq.*

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

WISDOM, Circuit Judge, dissents in the denial of the petition for rehearing and the petition for rehearing en banc.

GOLDBERG, Circuit Judge, dissents in the denial of the petition for rehearing en banc.

---

1. 4.4 Presentence report, disclosure; parties.

    (a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

    (b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.

    (c) The resolution of any controversy as to the accuracy of the presentence report should be governed by the principles stated in sections 4.5(b), 5.3(d), 5.3(f), and 5.4(a).