UNITED STATES of America,
Plaintiff-Appellee,

v.

Lawrence L. WARREN, Defendant-
Appellant.

No. 29287

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1970.

Robert E. Dooley, Fort Lauderdale,
Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., William
A. Daniel, Jr., Asst. U. S. Atty., Miami,
Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN
and CLARK, Circuit Judges.

PER CURIAM:

Appellant Warren pleaded guilty to two
counts of assaulting an agent of the Fed-
eral Bureau of Investigation while in
the performance of his official duties. 18
U.S.C. § 111. After receiving and con-
sidering a presentence investigative re-
port compiled by a probation officer, the
District Court imposed two concurrent
18-month sentences. The presentence re-
port was not examined by either Warren
or his attorney; no request was made
to see the report; and the Court did not
voluntarily offer it for inspection. Ap-
pellant now contends that his Sixth
Amendment right to counsel was violated
by the District Court's failure to disclose
the contents of this report.

Rule 32(c) of the Federal Rules
of Criminal Procedure authorizes the pro-
bation service to make a presentence in-
vestigation and report to the court before
imposition of sentence and further states
that the court "*may disclose* to the de-
fendant or his counsel all or part of the
material contained in the report." (Em-
phasis added.) Although the contents of
a report may have a substantial bearing
upon the length of the defendant's sen-
tence, it is clear, both from the language

---

* [1] Rule 18, 5th Cir.; See Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5th Cir., 1970, 431 F.
2d 409, Part I.

of the Rule and from subsequent decisions by this court, that the trial judge is under no duty to disclose the results of the presentence investigation. United States v. Bakewell, 5 Cir., 1970, 430 F.2d 721; United States v. Chapman, 5 Cir., 1969, 420 F.2d 925; Good v. United States, 5 Cir., 1969, 410 F.2d 1217.

  Moreover, appellant's failure to request inspection of the report in the court below creates an additional ground for finding that no reversible error was committed. See Roeth v. United States, 5 Cir., 1967, 380 F.2d 755, where we disposed of a similar claim with the following statement:

> "But it was settled that a defendant might not demand inspection as a matter of right; see 8 Moore, Federal Practice § 32.03, and without appellant's having made any request whatever, we cannot here say that failure to disclose the contents of the report was reversible error."

For the foregoing reasons, the sentence of the District Court is hereby

Affirmed.