432 F.2d 772
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence L. WARREN, Defendant-Appellant.
 No. 29287 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 1, 1970.
 Robert E. Dooley, Fort Lauderdale, Fla., for defendant-appellant.
 Robert W. Rust, U.S. Atty., William A. Daniel, Jr., Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Warren pleaded guilty to two counts of assaulting an agent of the Federal Bureau of Investigation while in the performance of his official duties. 18 U.S.C. 111. After receiving and considering a presentence investigative report compiled by a probation officer, the District Court imposed two concurrent 18-month sentences. The presentence report was not examined by either Warren or his attorney; no request was made to see the report; and the Court did not voluntarily offer it for inspection. Appellant now contends that his Sixth Amendment right to counsel was violated by the District Court's failure to disclose the contents of this report.
 
 
 2
 Rule 32(c) of the Federal Rules of Criminal Procedure authorizes the probation service to make a presentence investigation and report to the court before imposition of sentence and further states that the court 'may disclose to the defendant or his counsel all or part of the material contained in the report.' Although the contents of a report may have a substantial bearing upon the length of the defendant's sentence, it is clear, both from the language of the Rule and from subsequent decisions by this court, that the trial judge is under no duty to disclose the results of the presentence investigation. United States v. Bakewell, 5 Cir., 1970, 430 F.2d 721; United States v. Chapman, 5 Cir., 1969, 420 F.2d 925; Good v. United States, 5 Cir., 1969, 410 F.2d 1217.
 
 
 3
 Moreover, appellant's failure to request inspection of the report in the court below creates an additional ground for finding that no reversible error was committed. See Roeth v. United States, 5 Cir., 1967, 380 F.2d 755, where we disposed of a similar claim with the following statement:
 
 
 4
 'But it was settled that a defendant might not demand inspection as a matter of right; see 8 Moore, Federal Practice 32.03, and without appellant's having made any request whatever, we cannot here say that failure to disclose the contents of the report was reversible error.'
 
 
 5
 For the foregoing reasons, the sentence of the District Court is hereby
 
 
 6
 Affirmed.