**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Carl Edmund McCREARY, Defendant-Appellee.**

**No. 29667.**

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1970.

---

**666**

Seagal V. Wheatly, U. S. Atty., Haskell Shelton, Victor K. Sizemore, Asst. U. S. Attys., for plaintiff-appellant.

Donald P. Childers, Odessa, Tex., for defendant-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of Court of Claims.

---

* Honorable Philip Nichols, Jr., sitting by designation.

PER CURIAM:

The defendant, Carl Edmund Mc-Creary, was indicted for receiving, concealing and retaining in his possession with the intent to convert to his own use, certain property of the United States consisting of items of frozen food contained in five cartons. The district court originally denied a motion by the defendant to suppress the use of these items as evidence, (See Appendix A), but upon motion for reconsideration reversed itself and granted the motion to suppress (See Appendix B). The government appeals[1] from the order suppressing use of the foodstuffs as evidence.

The relevant facts, not here in dispute, are fully delineated in the original order of the district court denying the motion to suppress (Appendix A). We conclude that the district court was correct in its initial decision to deny the motion to suppress, and was in error in concluding that under the facts present probable cause did not exist for the arrest. In our view probable cause was present by reason of the actions of Sergeant McCreary observed by F.B.I. Special Agent Crossman, irrespective of the prior information furnished by the informer. We further believe that the seizure of the cartons of frozen food from the trunk of the automobile was justified. Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

The judgment of the lower court is reversed. The case is remanded with directions to vacate the order granting the motion to suppress, and to deny the same.

Reversed and remanded for further proceedings below.

1. The appeal is authorized by Title 18, U.S.C., § 3731, as amended by Title VIII, Section 1301(a) of the Omnibus Crime Control Act of 1968, (P.L. 90–351, 82 Stat. 237).

## APPENDIX A

### MEMORANDUM AND ORDER DENYING MOTION TO SUPPRESS

On the 5th day of November, 1969, came on for hearing and consideration the above named defendant's Motion to Suppress directed toward the foodstuffs made subject of the indictment herein, and the Court, having considered the Motion, the government's answer thereto, briefs in support thereof, evidence adduced at the hearing, and comments of counsel, finds and rules as follows:

Beginning about one year prior to July 25, 1969, thefts of food from the Mess Hall, at McGregor Range, Fort Bliss, had been reported to the F.B.I. During this year, F.B.I. Agent Crossman had received information from a confidential informant that the defendant, an Army Mess Sergeant, was stealing the food. The informant had proved reliable, but the thief was never caught in the act.

On Friday, July 25, 1969, the informant contacted Agent Crossman and told him that "McCreary will bring out another load this weekend." Pursuant to this information, Agent Crossman went to McGregor Range, about 25 miles north of El Paso, and began surveillance of the Mess Hall at about 1:50 p. m., July 26, 1969. At approximately 2:45 p. m. he observed the defendant and another man arrive in defendant's car parked at the rear of the Mess Hall, and enter. At about 3:05 p. m. the car was backed up to the rear door of the Mess Hall and two men, in white uniforms, loaded 5 large cartons in the trunk of defendant's car. Defendant and his companion entered the car and drove away.

While following the car toward El Paso, Agent Crossman radioed his office, which in turn called investigators at Fort Bliss to assist Agent Crossman with the surveillance upon his entry into El Paso. After defendant proceeded into the urban traffic of El Paso, past what would have been one direct route to Fort Bliss, the Agent and Provost Marshal investigators stopped his car.

Defendant was advised of his rights under the U.M.C.J., and the food was seized from his trunk.

The information received from the reliable informant, as corroborated by the Agent, along with the surveillance of the defendant into El Paso, provided sufficient probable cause to believe that the defendant had committed or was committing an offense. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Acosta, 411 F.2d 627 (5th Cir. 1969). This, along with the time, place, and circumstances as viewed by the officers, justified them in stopping the defendant's car and seizing the food when and where they did. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925); cf., Chimel v. California, 395 U.S. 752, 764, n. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Moreover, the officers had every reason to believe from credible information that the food, in continuous view of the officers, was feloniously acquired, so, while there was a lawful seizure, there was no search. See United States v. Chapman, 420 F.2d 925, 5th Cir., 1969.

The Motion must therefore be, and the same is hereby, in all things, denied, and it is so ordered.

This case is hereby set for pretrial conference, pursuant to Rule 17.1, F.R. Cr.P., at 2:00 p. m., Wednesday, February 4, 1970, and for jury selection and trial at 9:00 a. m., Monday, March 9, 1970, and it is so ordered.

---

## APPENDIX B

### ORDER VACATING "MEMORANDUM AND ORDER DENYING MOTION TO SUPPRESS" AND GRANTING MOTION TO SUPPRESS

The Court, having further considered the Motion to Suppress herein, answer thereto, briefs in support thereof, evidence adduced at the hearing thereon, and the government's disclaimer of any

further evidence relevant thereto, finds that the Memorandum and Order Denying Motion to Suppress, entered herein January 21, 1970, must be, and the same is hereby, vacated, and it is so ordered.

Even if there were probable cause to detail defendant where and when he was stopped, this would not justify the warrantless search of the trunk of his car incident thereto. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The facts here do not show the type of exigent circumstances which would justify a complete search of an automobile without the intervening judgment of a magistrate. Compare Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); cf., Chimel v. California, supra, 395 U.S. at 764 n. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685.

For the foregoing reasons, the Motion to Suppress must be, and the same is hereby, granted, and it is so ordered.