**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eugene THOMAS, Defendant-Appellant.**

**No. 30605**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1970.

⟨

Eugene Thomas, pro se.

Ira de Ment, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Eugene Thomas has appealed from the district court's denial of his motion for a copy of his presentence report, which he desires to use in connection with a projected attack on his judgment of conviction. We affirm.

Thomas was convicted upon trial by jury of conspiracy to violate civil rights. His conviction was affirmed on appeal, *sub nom.* Wilkins v. United States, 5 Cir. 1967, 376 F.2d 552, cert. den'd 389 U.S. 964, 88 S.Ct. 342, 19 L.Ed.2d 379.

Rule 32(c), (2), F.R.Crim.P., provides in part that "The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon."

■ This Court has consistently held that Rule 32 places the disclosure of the contents of the presentence report, or any part of it, within the sound discretion of the sentencing court. United States v. Rubin, 5 Cir. 1970, 433 F.2d 442; United States v. Bakewell, 5 Cir. 1970, 430 F.2d 721; United States v. Chapman, 5 Cir. 1969, 420 F.2d 925; Roeth v. United States, 5 Cir. 1967, 380 F.2d 755, cert. den'd 390 U.S. 1015, 88 S.Ct. 1266, 20 L. Ed.2d 165. Since Thomas has not shown that the district court abused its discretion, the judgment of the district court denying his motion for a copy of the presentence report is affirmed.

---

\* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409.