**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert William ALTIMUS, Defendant-Appellant.**

**No. 71-1772
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1971.

Rehearing and Rehearing En Banc
Denied Nov. 29, 1971.

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

George B. Weires, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Jerome B. Ullman, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Altimus was sentenced to four years' imprisonment following his plea of guilty to one count of an indictment charging a violation of the Dyer Act, 18 U. S.C. § 2312. On appeal he claims that he did not knowingly plead guilty and did not fully understand the nature of the charge and consequences of his act of pleading guilty; that his plea of guilty was qualified; that the trial court abused its discretion in refusing to withdraw the defendant's plea of guilty; and that the court erred in failing to allow defendant's counsel the right to copy the probation report upon which defendant was sentenced.

Prior to the arraignment, on two occasions, Altimus conferred with counsel concerning the accusation against him. He informed counsel that he was innocent. However, at arraignment, defendant pled guilty to the Dyer Act charge. His counsel was taken by surprise and requested a brief recess, after which defendant continued to insist on his guilt under the Dyer Act when questioned by the court. The Assistant United States Attorney then placed an FBI agent on the stand who testified to evidence which showed that Altimus had transported a stolen vehicle across state lines to Vero Beach, Florida, where he was arrested. The court accepted defendant's plea and postponed sentencing until a psychiatric examination could be performed. In due course, a court-appointed psychiatrist reported to the court, among other things, that Altimus possessed sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and presently had a rational as well as factual understanding of the proceedings against him.

After hearing the doctor's testimony, the court began to sentence Al-

timus. The court asked him if he had anything to say, whereupon Altimus, among other things, thanked the court for getting him a doctor. The court then sentenced Altimus to four years' imprisonment. When the court finished, Altimus stated, "I would request at this time to appeal my sentence, to request change of plea at this time." Defendant's motion was denied. The issue before us is whether the trial court abused its discretion in summarily denying defendant's request to change his plea. Fed.R.Crim.P. Rule 32(d). After careful review of the record, we find no abuse by the trial court of its discretion. The record shows that Altimus' plea of guilty was unqualified, that it was intelligently entered by Altimus, who fully understood the nature of the charge against him.

■■ Altimus' final claim concerns the alleged denial by the trial court of a copy of the probation report. He was allowed to view the report in the proceedings below. But the record before us does not show that he ever presented a motion to the trial court to copy the report or for a copy of the report. Such a motion must of course be presented and passed on by the trial court in the first instance. Moreover, the matter is solely within the sound discretion of the trial judge. United States v. Lloyd, 5 Cir., 1970, 425 F.2d 711.

We have carefully reviewed the asserted claims of error and find no merit in any of them.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.