**Sherry TAYLOR, Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 71–1543**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1971.

---

\* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Andrew Bucci, North Providence, R. I., Barry L. Garber, Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Richard A. Hauser, Asst. U. S. Atty., Miami, Fla., by Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Sherry Taylor was indicted in two separate cases for violation of 18 U.S.C. §§ 2314, 2315. One case dealt with a conspiracy involving the transportation, receipt, and sale of certain watches and jewelry; the other concerned a conspiracy involving the transportation and receipt of certain stolen United States and Bahamian currency. Following her pleas of guilty [1] to both indictments she was sentenced to four years imprisonment in each case, such sentences to run consecutively. Approximately one month after sentencing, Miss Taylor filed motions seeking to vacate sentence and to withdraw her guilty plea. The district court considered these applica-

---

1. Miss Taylor initially entered a plea of not guilty to both indictments. However, she subsequently moved the court to withdraw those pleas and it is her pleas of guilty which followed which are contested here.

tions for relief as motions under Rule 32(d) Federal Rules of Criminal Procedure, or in the alternative as motions under 28 U.S.C. § 2255. This appeal is taken from the order denying those motions. We affirm.

■ Miss Taylor contends on appeal that the matters alleged by her in support of her motions are true and are not conclusively refuted by the record. Upon that basis she concludes that she is entitled to an evidentiary hearing on her application for leave to withdraw her pleas of guilty.

She admits that the district court inquired as to the voluntariness of her pleas, her knowledge of the facts, and the consequences of the pleas. However, she contends that she was merely rendering rote answers which she knew were necessary in order to have the court accept her pleas. She further contends that she was not advised of her right of confrontation, right to counsel, and right against self-incrimination. Her final contention is that conversations in which she either participated or overheard between her counsel, the Assistant U.S. Attorney, and an F.B.I. agent led her to believe she would likely get probation or at least minimal confinement if she pled guilty.

After a careful review of the record we conclude that Miss Taylor's motions do not present factual issues necessitating a hearing by the district court.[2] A comparison of her conclusory allegations with the record justified summary disposition. Our review of the record reveals no abuse of discretion under Rule 32(d), Federal Rules of Criminal Procedure. There has not been shown nor do we perceive any "manifest injustice."

Miss Taylor was represented by counsel throughout the proceedings below, and the district judge personally inquired whether Miss Taylor's plea was voluntarily entered, whether she understood the nature of the charges against her, whether she was aware of the consequences of her plea;[3] and whether the plea was the result of any inducement. The district judge further advised Miss Taylor that by pleading guilty she waived certain of her rights.[4] There is no requirement that a district court enumerate all the rights which are waived by a plea of guilty in order to determine if it is voluntarily and intelligently made.[5]

■ The record conclusively shows that the district court's inquiries met the requirements of Rule 11, Federal Rules of Criminal Procedure, and the re-

2. United States v. Valdez, 450 F.2d 1145 (5th Cir. 1971); United States v. Altimus, 449 F.2d 736 (5th Cir. 1971); United States v. Cooper, 410 F.2d 1128 (5th Cir. 1969); Plaster v. United States, 381 F.2d 578 (5th Cir. 1967).

3. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

4. When the court accepted Miss Taylor's plea of guilty upon her first indictment on November 30, 1970, he asked her if she was aware that by her plea she waived rights she would otherwise have, such as, the right to have witnesses testify against her, the right to confront her accusers, the right to have witnesses testify in her own behalf and the right to have a jury of twelve persons hear evidence on which they would have to find her guilty beyond a reasonable doubt before they could return a guilty verdict.

A week later, on December 7, 1970, the court was less explicit as to the specific rights waived when it accepted her plea of guilty on the related indictment. The court did, however, advise her that her plea waived the right to trial by jury, the right to have the government prove its case beyond a reasonable doubt, and the right to a unanimous verdict before a guilty verdict could be rendered. Viewing the totality of the circumstances surrounding the acceptance of her pleas there is little room for doubt that Miss Taylor was aware of the effect of her plea.

5. In McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed. 2d 418, n. 20, 426 (1969) the Court stated:

The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and therefore, we do not establish any general guidelines other than those expressed in the Rule itself.

sponses of Miss Taylor and her counsel to those inquiries convince us that no error has been committed in denying her a hearing on her motion to withdraw her pleas of guilty.

Affirmed.