**UNITED STATES of America**

**v.**

**John Jack TOMLIN, Mason Ray Holbrook, Leroy Francis Kirchell, Edward Cline.**

**Leroy Francis Kirchell, Appellant.**

**No. 15685.**

United States Court of Appeals Third Circuit.

Argued June 5, 1967.

Decided July 5, 1967.

**374**

Paul Leo McSorley, McSorley & McSorley, Philadelphia, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., (Gustave Diamond, U. S. Atty., Western Dist. of Pennsylvania, Pittsburgh, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, KALODNER, Circuit Judge, and SHERIDAN, District Judge.

## OPINION OF THE COURT

PER CURIAM.

The appellant was tried and convicted by a jury of transporting stolen money in interstate commerce, 18 U.S.C. § 2314. Appellant asserts various errors in the trial of his case. However, we have thoroughly examined the record in this case, and we find no reversible error.

■■ Appellant's contention that the district court erred in denying him a severance is groundless. Appellant was tried with another defendant who was also charged with conspiracy to violate the same substantive offense. The district court's decision to deny the severance was well within the discretion vested in him in these matters. Similarly, appellant's contention that evidence was improperly admitted because there was no foundation for it is not borne out by the record.

■ Finally, appellant complains that the trial judge's conduct was prejudicial to him. It is true that the trial judge did ask questions of certain witnesses, made comments on the evidence, and urged counsel at various times to make efforts to expedite the case. However, the trial judge has the duty to help make the facts and circumstances of the case clear to the jury, United States v. Ostendorff, 371 F.2d 729, 732 (C.A.4, 1967), and it is certainly not prejudicial per se to comment on the evidence to the jury, e. g., United States v. Kravitz, 281 F.2d 581, 585 (C.A.3, 1960). Indeed, there is no suggestion from the record that the conduct of the trial judge was " * * * inimical and partisan, clearly evident and prejudicial." Riley v. Goodman, 315 F.2d 232, 235 (C.A.3, 1963).

The judgment of the district court will be affirmed.