**UNITED STATES of America**

**v.**

**Francis J. PAXTON and Milton Hecht,**
**Milton Hecht, Appellant.**

**No. 17166.**

United States Court of Appeals
Third Circuit.

Argued Oct. 24, 1968.

Decided Nov. 19, 1968.
Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 863.

Frederick Klaessig, Jersey City, N. J., for appellant.

Donald Horowitz, First Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

A jury convicted defendant of conspiring (18 U.S.C. § 371) with one Paxton to defraud Citizen's National Bank ("Bank") contrary to 18 U.S.C. § 656 [1]. The conspiracy as alleged took the form of an agreement by Paxton, as assistant cashier of the Bank, to allow overdrafts and false credits in favor of defendant personally and his corporate accounts. Defendant appeals the judgment of conviction and sentence, the denial of his

motion for a judgment of acquittal or new trial, and from the denial of his motion for leave, pursuant to Rule 19(G) of the General Rules of the U. S. District Court for the District of New Jersey, to investigate the possible misconduct of a juror.

The defendant had a personal checking account with the Bank. Two corporations of which he was an officer were also depositors. During most of the period in which the corporate accounts existed, the defendant was in charge of the issuance of their checks. He was also the Manager of the corporations.

█ Defendant contends that it was error to admit the testimony of the Government's witness, Metzheiser, the bank auditor. Defendant says first that it violated the best evidence rule because "[t]he Government did not produce the documents on which opinions of the witnesses were based." An issue in the trial was whether certain credits and debits appeared on the defendant's personal and corporate accounts. To prove this "negative" the Government would have been required to introduce voluminous bank records which were, for the most part, on microfilm. Metzheiser personally conducted and supervised the investigation of the accounts and testified at the trial that he found no record of the relevant entries. We think the district court acted well within its discretionary limits in not requiring the production of the original records to prove a negative. We say this because of the record volume involved and the other evidence, both testimonial and documentary, which tended to establish the absence of entries. It is not contended that the original records were unavailable to defense counsel.

█ Defendant next urges that Metzheiser's testimony, based in part on

[1]. "Whoever, * * * embezzles, abstracts, purloins or wilfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the amount embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

what he was told by those working under his direction and supervision, was inadmissible hearsay. We think the trial judge was justified in concluding that the testimony was reasonably reliable and its use justified under the circumstances developed by the Government, particularly since the records in question were available to defendant. Nor do we think its use presented any constitutional issue under the circumstances. Defendant's final claim as to Metzheiser's testimony is that it was inadmissible as being an expression of opinion by an unqualified expert. It is true that the Government did not qualify Metzheiser as an expert witness, but it did not offer him as such. We think that the Government was correct in so not offering him. The matters to which he testified were not opinions but conclusions based on particulars drawn from data either observed by him or transmitted to him by those he closely supervised. The data, as we said before, was available to defendant for use in cross-examination.

We therefore conclude that the district court did not commit error in admitting the testimony of the witness Metzheiser.

Defendant's second principal contention is that the admission of certain identified documents and other records under the Business Records Rule (28 U.S.C. § 1732) was in violation of the Sixth Amendment and was an abuse of judicial discretion.

The Government witness, Redfield, the Comptroller of the Bank, testified that the records as to which there is a real question were records kept in the regular course of the Bank's business. We are satisfied that the records whose admission was sought to be justified under the statute were properly admissible thereunder in view of the accompanying testimony.

Defendant's complaint of possible misconduct of a juror is without merit. After making a thorough investigation, the court concluded there was no prejudice to the parties. We have examined the record of these particular proceedings, which were conducted in the presence of counsel, and find no error in the procedure followed by the court, nor in the conclusion it reached.

We have considered the other contentions advanced by defendant and find them to be without merit.

The judgment of conviction of the district court will be affirmed.