**James Watson STONECIPHER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 26802.**

United States Court of Appeals
Fifth Circuit.

March 28, 1969.

Chandler Lloyd, Larry F. Amerine, Dallas, Tex., for appellant.

Melvin M. Diggs, U. S. Atty., Patrick H. Mulloy, Jr., Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

PER CURIAM:

James Watson Stonecipher appeals from a district court order denying relief under 28 U.S.C. § 2255. We affirm.

Stonecipher challenges the district court's acceptance of his guilty plea, alleging that he was unable to make an intelligent plea because he was suffering from withdrawal symptoms arising out of a serious addiction to narcotics.[1] The

---

1. Appellant relies upon Fed.R.Crim.P. 11 (as construed before the 1966 amendment thereto, since his plea was made on October 7, 1965); 4 Barron & Holtzoff, Federal Practice § 1971, p. 95 (Wright ed. 1951); Munich v. United States, 9 Cir. 1964, 337 F.2d 356; United States v. Colson, S.D.N.Y.1964, 230 F.Supp. 953; and United States v. Tateo, S.D. N.Y.1963, 214 F.Supp. 560.

**746**

district court heard testimony from a psychiatric expert who examined Stonecipher three years after the plea and testified that he could not have made an intelligent plea if he was experiencing narcotics withdrawal. Yet Stonecipher testified at the same hearing that he was aware of the nature of his offense and the possible outcome to be expected.[2] We cannot say, after noting the conflicting testimony heard by the district court, that the resolution of this factual issue against the appellant was "clearly erroneous."

■ Stonecipher also attacks the validity of the "general sentence" he received. He was indicted by grand juries in both the Northern and Western Districts of Texas.[3] Pursuant to Fed.R. Crim.P. 20, the Western District indictment was transferred to the Northern District, was docketed as Cr. 3–608, and was consolidated for plea purposes with Cr. 3–563.

Stonecipher was arraigned separately on each indictment. The district judge, after determining the *minimum* sentence applicable for each count of Cr. 3–608, made the following statement: "I will impose a fine of $100 generally and one year on each count to run concurrently, in case 608."[4] Proceeding to Cr. 3–563, the district judge again discussed *minimum* sentences applicable to the respective counts of that indictment, and stat-

ed: "I will assess a two-year sentence and a five-year sentence under these counts *to run consecutively*, which will be a *total of seven years*, and the other case [Cr. 3–608] will run concurrently with this."[5] Stonecipher also notes that the district judge, in a later comment, stated that "I will enter a sentence generally of seven years."

From the foregoing, it is apparent that, whatever label the district judge accidentally applied to the sentence imposed, he actually complied with this Court's instructions contained in Benson v. United States, 5 Cir. 1964, 332 F.2d 288, 290: "[The district court] should preferably specify punishment as to each separate count and indicate whether the sentences shall be served consecutively or concurrently". *See also* Granger v. United States, 5 Cir. 1960, 275 F.2d 127.

■ It should be noted also that, even if the sentence imposed in Cr. 3–563 had been "generally" imposed, as Stonecipher unsuccessfully contends, the actual seven-year sentence was not in excess of the maximum sentence applicable to Counts II and IV; and, therefore, it was not subject to being set aside. *Compare* Benson v. United States, *supra*, with Clark v. United States, 5 Cir. 1966, 367 F.2d 378, 380.

The judgment is

Affirmed.

The cases are inapposite: *Munich* held that an intelligent plea was impossible when the accused had not been told that probation was impossible in his case; *Colson* involved a plea entered in an atmosphere of fear by the accused ex-informer for the life of his family and himself; and *Tateo* voided a plea entered in response to judicial coercion. The instant case is factually distinguishable from all of the above.

2. The record reflects:

"Q. Did you have a complete understanding of the charges against you and the results and consequences of a plea of guilty?

"A. [Stonecipher] Yes. Yes, I had the comprehension of everything I was charged with and what the outcome might be." (R. 18.)

3. In the Northern District, he was charged with four counts of violation of 26 U.S.C. § 4704(a), selling heroin not in an original stamped package and not pursuant to an appropriate written order therefor (Cr. 3–563). The charges stemmed from two sales, each of which included two offenses punishable by two to five and five to ten years, respectively. In a separate indictment in the Western District, he was charged with violation of 18 U.S.C. § 1407, failure to register as a narcotics addict before leaving the United States for Mexico (Count I) and re-entering the United States from Mexico (Count II) (Crim. No. 12300). The 18 U.S.C. § 1407 offenses each carried a possible sentence of from one to three years, as well as up to $1000 in fine.

4. R. 5.

5. R. 7.