**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cecil SUMMEROUR, Defendant-
Appellant.**

**No. 27099
Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 9, 1969.

James R. Venable, Atlanta, Ga., for appellant.

Floyd M. Buford, U. S. Atty., Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

Appellant was indicted and convicted of having an unregistered still in his possession and control, of carrying on the business of a distiller of liquor without having given the required bond and with the intent to defraud the United States of the tax imposed thereon, and of working in a distillery upon which no sign was placed showing the name of the person engaged in distilling. 26 U.S.C. §§ 5179(a), 5601(a), 5173, 5602, 5180, 5681(c). Appellant attacks his conviction on the ground that there was insufficient evidence to support the jury's verdict. We affirm.

The evidence indicates that an unregistered distillery was located in a newly constructed plywood building, and that appellant and William A. Meeler, a codefendant, were arrested in this distillery. Prior to their arrest, investigators observed both appellant and Meeler working at the distillery while it was in operation. At the time of his arrest, appellant was working at the stillsite with a welding machine which apparently was to be used to weld sections of tin together to construct fermenter vats. Meeler

testified that he was assisting appellant in servicing the still, and that appellant was the one who started the fire at the distillery in preparation for the distilling process. Conversely, appellant testified that he had nothing to do with the still, that he did not know Meeler, and that he was present at the stillsite for the purpose of playing poker.

In order to sustain a jury's verdict, there must be "substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S. Ct. 457, 469, 86 L.Ed. 680 (1942); Grant v. United States, 5 Cir., 1969, 407 F.2d 56. Substantial evidence is defined as relevant evidence which a reasonable mind would consider adequate to support a legal conclusion. Simmons v. United States, 5 Cir., 1969, 406 F.2d 456, 464. In the present case, the evidence overwhelmingly preponderates in favor of appellant's guilt. Only appellant's testimony contradicts this conclusion. In light of the fact that credibility choices are for the jury, Tillman v. United States, 5 Cir., 1969, 406 F.2d 930, and that appellant had been previously convicted of felonies in regard to illicit liquor, it clearly was within the jury's province to disbelieve appellant's testimony and credit the Government's evidence.

Affirmed.