Joel **RUBIN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 24552.

United States Court of Appeals
Fifth Circuit.

July 23, 1969.

Rehearing Denied Sept. 19, 1969.

---

Herman Cohen, Miami, Fla., Joe Unger, Bernard Mandler, Miami Beach, Fla., for appellant.

Donald I. Bierman, Asst. U. S. Atty., Miami, Fla., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and SUTTLE, District Judge.

SUTTLE, District Judge:

Appellant and one Frank Alpert were charged together in twenty-seven counts with forging,[1] and in one count with conspiring to forge,[2] the endorsements on certain Series E United States Treasury Bonds. During the trial the government elected to proceed on five of the substantive counts and the conspiracy count. At the end of the government's case in chief, Alpert was granted judgment of acquittal on all counts, and appellant on the conspiracy count. The remaining counts against appellant were submitted to the jury, and he here attacks the resulting conviction and sentence.

During the trial the government proved that the Bonds in question were stolen, and that appellant did not have authority from the true owner to endorse and/or redeem them. By stipulation, and through his own testimony, appellant admitted signing the name "Mrs. Mary Buttice," the true owner, as an endorsement on the Bonds, and further that he did in fact arrange for a Mrs. Veronica Peace to negotiate the Bonds,[3] but denied that he had the necessary criminal intent to render him guilty of an offense against the United States. He urged at trial that he signed the Bonds believing that he had valid authority from the owner to do so, pursu-

---

1. In violation of 18 U.S.C. § 495, which reads in part:
   "Whoever falsely * * * forges * * * any * * * writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money * * *.

   "Shall be fined not more than $1,000 or imprisoned not more than ten years, or both."

2. In violation of 18 U.S.C. § 371.

3. For her services, Mrs. Peace was to receive $5,000 of the proceeds. Instead, she went to the authorities, who, in turn, arrested appellant.

ant to a Power of Attorney which he introduced into evidence, and hence lacked specific intent to violate the law. He contends here, *inter alia*, that this theory was not adequately presented to the jury by the Court's charge, and that there was insufficient evidence to support a jury finding that he willfully and knowingly forged the instruments in question.

Appellant contends that the jury should have been instructed that if they believed appellant *thought* he had a valid Power of Attorney, or if they had a reasonable doubt thereof, they must acquit. He correctly points out that a defendant in a criminal case is entitled, upon request, to have presented instructions relating to a theory of defense for which there is any foundation in the evidence.[4] However, appellant submitted no requested instructions during the trial,[5] stating on several occasions that the Court's "standard" charge would suffice. He did object to the charge given, after submission of the case to the jury, on the ground that "mistake of fact" was not explained. Assuming that this objection covered the error here urged,[6] we cannot find that failure to give the charge here urged was error affecting substantial rights. While always the better practice to spell-out the defendant's contentions to the jury, the charge given in this case, taken as a whole,[7] shows that the jury must have found beyond a reasonable doubt that appellant signed the bonds "willfully" and "knowingly." As these two adjectives were defined to the jury,[8] implicit in their verdict was a finding that appellant had the necessary criminal intent required for a conviction.

Appellant contends, however, that the jury could not have so found, because of a fatal lack of evidence of any bad intent on his part. While the evidence of appellant's state of mind was necessarily circumstantial,[9] and in part contradic-

4. Perez v. United States, 297 F.2d 12, 14–15 (5th Cir. 1961); see United States v. Hoffa, 349 F.2d 20, 51 (6th Cir. 1965), affirmed, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), reh. denied, 386 U.S. 940, 951, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967); Levine v. United States, 104 U.S.App.D.C. 281, 261 F.2d 747 (1958), cf., Cortez v. United States, 328 F.2d 51 (5th Cir.), cert. denied, 379 U.S. 848, 85 S.Ct. 89, 13 L.Ed.2d 52 (1964); Beck v. United States, 317 F.2d 865 (5th Cir. 1963), cert. denied, 375 U.S. 972, 84 S.Ct. 480, 11 L.Ed.2d 419, reh. denied, 376 U.S. 929, 84 S.Ct. 656, 11 L.Ed.2d 627 (1964); Bernstein v. United States, 234 F.2d 475 (5th Cir.), cert. denied, 352 U.S. 915, 77 S.Ct. 213, 1 L.Ed.2d 122 (1956), reh. denied, 352 U.S. 977, 77 S.Ct. 351, 1 L.Ed.2d 330 (1957).

5. The Court made several inquiries during the trial as to whether either side wished to submit requested instructions under Rule 30, F.R.Cr.P.

6. See Rule 30, *supra*.

7. See January v. United States, 409 F.2d 31 (5th Cir. 1969); Hickman v. United States, 406 F.2d 414, 415 (5th Cir. 1969); Smith v. United States, 355 F.2d 912, 914 (5th Cir.), reh. denied, 358 F.2d 695, cert. denied, 384 U.S. 1001, 86 S.Ct. 1922, 16 L.Ed.2d 1014 (1966); Beck v. United States, *supra*.

8. The pertinent part of the Court's charge read:

"You will recall that I used the word 'wilfully' in one of these elements. The word 'wilfully' means that the defendant acted voluntarily and intentionally, and with the specific intent to do something which the law forbids, that is to say with bad purpose, either to disobey or to disregard the law.

"You will notice that in this charge, heretofore and in these elements, I used the word 'knowingly.' To do something knowingly, means that a person is aware of the fact that he cannot lawfully do the act which he has been charged. This is to insure that no one will be convicted of an act which is done by a mistake or through inadvertence, or for any other innocent reason."

9. See Van Nattan v. United States, 357 F.2d 161 (10th Cir. 1966); Barshop v. United States, 191 F.2d 286 (5th Cir.), reh. denied, 192 F.2d 699 (1951), cert. denied, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 688 (1952).

tory, it was, when viewed in the light most favorable to the government,[10] sufficient to allow a reasonable jury to exclude every reasonable hypothesis except that of guilty intent.[11]

█ Having found that there was enough relevant evidence, we turn to appellant's contention that there was too much irrelevant evidence. He claims that the evidence adduced in an attempt to prove the guilt of Alpert and the existence of a conspiracy so prejudiced the jury that they could not possibly return a fair verdict. We cannot agree. First, appellant points to nothing in this evidence that prejudiced him. The record shows that the evidence relating to Alpert and the conspiracy not only lacked enough probative force to carry these issues to the jury, but also was without prejudice to appellant. Second, the trial court, upon withdrawing these issues from the jury, carefully instructed them to completely disregard any evidence relating to Alpert, thus negating any prejudice which might have resulted.

Finally, this is not a case where defendants were improperly or prejudicially joined,[12] where incompetent evidence was involved,[13] or where the jury was faced with an impossible task of mental gymnastics.[14] In short, there was no error in the trial court's handling of the evidence in this case.

█ Finally, appellant complains of the argument of government counsel. An examination of the record shows that there was no attempt to place before the jury matters not in evidence, and that the argument was confined generally to a "discussion of the facts disclosed by the evidence or legitimate inferences deducible therefrom." [15] Any inadvertent misstatement of fact by the government counsel was neither pronounced nor persistent,[16] and the jury was carefully instructed on several occasions that argument of counsel was not evidence. There was no objection, and we fail to find any error or defect affecting substantial rights.[17]

Affirmed.

10. See Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942) ; United States v. Summerour, 411 F.2d 469 (5th Cir. 1969) ; Edwards v. United States, 334 F.2d 360 (5th Cir. 1964), reversing en banc, 321 F.2d 324 (1963), cert. denied, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1965) ; Riggs v. United States, 280 F.2d 949 (5th Cir. 1960).

11. See Strauss v. United States, 311 F.2d 926 (5th Cir.), cert. denied, 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412 (1963).

12. See Rules 8 and 14, F.R.Cr.P.

13. Compare Smith v. United States, 118 U.S.App.D.C. 235, 335 F.2d 270 (1964),

on remand, 120 U.S.App.D.C. 160, 344 F. 2d 545 (1965).

14. Compare generally, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Cf., Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

15. Luttrell v. United States, 320 F.2d 462, 465 (5th Cir. 1963). Compare United States v. Persico, 305 F.2d 534 (2d Cir. 1962), on remand, 349 F.2d 6 (1965).

16. Compare Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

17. See Rule 52(b), F.R.Cr.P.