**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Benjamin B. KOLSKY, Defendant-Appellant.**

**No. 28230.**

United States Court of Appeals,
Fifth Circuit.

April 2, 1970.

---

* Honorable Orie L. Phillips, U. S. Circuit Judge, Tenth Circuit, sitting by designation.

Kelly McKoin, Cecil Johnson, McKoin, Zinner, Hawkins & Johnson, Biloxi, Miss., for defendant-appellant.

Robert E. Hauberg, U.S. Atty., Joseph E. Brown, Jr., Daniel E. Lynn, Asst. U.S. Attys., Jackson, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GOD-BOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Benjamin B. Kolsky, appellant, was convicted by a jury of a Dyer Act violation, 18 U.S.C. § 2312, for transporting a stolen motor vehicle from Mobile, Alabama, to Biloxi, Mississippi. He complains of error by the trial court in refusing to direct a judgment of acquittal, alleging that the verdict, based on circumstantial evidence, was against the overwhelming weight of the evidence and the law, and of certain instructions to the jury.

On September 24, 1968, appellant was arrested for reckless driving and investigation of motor theft in Biloxi, Mississippi, while in possession of a 1966 Pontiac, identification number VIN 6 P 321636, after having made two unsuccessful attempts to sell it. The vehicle had been reported missing from a car lot in St. Petersburg, Florida, on July 1, 1968. Appellant's extraordinary explanation of his possession of the vehicle was that one Bobby Baker, an alleged former employee and friend, owned the vehicle; that Baker, who was indebted to him, heard of appellant's financial plight and immediate need for additional money to pay certain fines growing out of a former burglary conviction in Georgia, telephoned him in St. Petersburg, Florida and offered to allow appellant to use and, if necessary, sell the vehicle. Baker's whereabouts were unknown. Appellant said his purpose in traveling to Mississippi was to secure the necessary money from two other friends who had also gratuitously telephoned him, both offering financial assistance and one offering to meet him at the Pensacola, Florida airport and to drive him to Biloxi, Mississippi, where he would pick up Baker's car. Following the instructions of Baker, appellant testified that he picked up the car at Baker's former place of employment, secured a bill of sale signed by Baker but with a blank space left for a potential buyer's name, from the glove compartment, and then attempted to sell the vehicle.

Appellant contends that the Government failed to prove the three elements necessary for conviction: that the car was stolen, that he had knowledge thereof, and that he transported it in interstate commerce. See Moody v. United States, 5 Cir., 1967, 377 F.2d 175. He contended that he drove the car within the confines of the State of Mississippi.

The record shows that there was sufficient evidence to support the conviction and to cause the jury to reject appellant's explanation of his alleged innocent possession of the vehicle. The Government produced evidence that the vehicle, identified by description and true concealed identification number, was stolen from the Adcock Buick Company, St. Petersburg, Florida, on June 30, 1968, and was later found in Biloxi, Mississippi, in possession of appellant who was using the assumed name of Robert Baker. There was evidence that the doorpost identification number, which did not agree with the true number, had been altered or substituted. In contrast to appellant's trial testimony of Mississippi intrastate transportation only, one of the prospective buyers testified that appel-

lant had told him he had driven the car from Tampa, Florida, to Biloxi, Mississippi. An FBI agent and a Biloxi detective testified that appellant said he drove the car from Mobile, Alabama, to Biloxi, Mississippi.

The substantiality of evidence test, taking the view most favorable to the Government to support the verdict, has been adequately met. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); U.S.A. v. Cecil Summerour, 5 Cir., 1969, 411 F.2d 469. Guilty knowledge may be established by circumstantial evidence, and that determination is a jury issue. Overton v. United States, 5 Cir., 1969, 405 F.2d 168, 169; Moody v. United States, *supra*. We are convinced that the jury was able to conclude that the inferences to be reasonably drawn from the evidence were consistent with the guilt of the accused and inconsistent with "every reasonable hypothesis of his innocence." Hale v. United States, 5 Cir., 1969, 410 F.2d 147, 149; Harper v. United States, 5 Cir., 1969, 405 F.2d 185, 186; Montoya v. United States, 5 Cir., 1968, 402 F.2d 847, 850; Vick v. United States, 5 Cir., 1954, 216 F.2d 228, 232.

Appellant made no objection to the court's failure to instruct the jury on the "reasonable hypothesis" test. See Rules 30 and 52 of the Federal Rules of Criminal Produre. But we need not reach a determination of the applicability of the "plain error" rule for we find no error. Although the "reasonable hypothesis" test is to be applied by the court in assessing circumstantial evidence, Hale v. United States, *supra;* Harper v. United States, *supra;* Montoya v. United States, *supra;* Vick v. United States, *supra,* a specific instruction to the jury relative thereto has been disparaged by the Supreme Court. In Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), the Supreme Court, although recognizing that there is some support for this type of instruction, said, "[B]ut the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, * * * " The court adequately instructed the jury on "reasonable doubt," and no objection was made thereto.

Likewise, we find no error in the instructions relative to assessing good faith of appellant in determining his possible lack of knowledge that the car was stolen, and the "aiding and abetting" instruction. The jury was told that a finding of good faith would preclude a finding of wilfulness to commit the crime and would require acquittal. The instruction on aiding and abetting was merely a charge defining a "principal" to a crime and tracked the language of 18 U.S.C. § 2. Appellant's objection that the burden of showing good faith was an untenable burden placed on him was based on the erroneous premise that the Government had failed to show that the car was stolen. In short, we find no error in the charge and no basis for a direction by the trial court of judgment of acquittal.

Affirmed.