433 F.2d 442
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joel RUBIN, Defendant-Appellant.
 No. 28782 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 30, 1970.
 Stanley Jay Bartel, Paul, Landy, Beiley & Bartel, Miami, Fla., for defendant-appellant.
 William A. Daniel, Jr., Asst. U.S. Atty., Robert W. Rust, U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Joel Rubin is again before us[1] on matters arising from his conviction on five counts of forging endorsements on certain Series E United States Treasury Bonds.
 
 
 2
 In this appeal the appellant contends that the trial court erred in refusing to grant a motion to vacate and set aside the conviction and sentence,[2] or alternatively that the district court erred in refusing to grant a full evidentiary hearing to develop the matters raised in his motion for new trial (the appellant also moved to have the commencement of service of his sentence deferred until after the requested hearing). With respect to the motion to vacate and set aside the appellant asserts that the trial court failed to perform an affirmative duty to ascertain in this situation whether joint representation of appellant and his co-defendant might prejudice appellant's rights, and further that the appellant's personally-retained counsel defended him so ineffectively as to deny the appellant his constitutional right to counsel.[3] Appellant also moved the district court for a reduction of sentence, for a full hearing on the motion for reduction, and for disclosure to the appellant of the presentence report. These motions were also denied by the district judge. We are convinced that error is not demonstrated and accordingly, affirm the lower court.
 
 I.
 
 3
 MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE[4]
 
 
 4
 Appellant, represented by new counsel in this second appeal, contends that he did not have retained counsel until the day before the trial. Filed with the motion was an affidavit by Attorney Joel Lee stating that Lee, already in the case as counsel for a co-defendant, Alpert, volunteered to represent Rubin the day prior to the trial. The affidavit continues that Lee was familiar with the case from his representation of Alpert, and that Lee felt that the defenses for Alpert would also be applicable to Rubin. It also avers that Lee voluntarily represented Rubin earlier at arraignment.[5]
 
 
 5
 At the trial the co-defendant Alpert's motion for judgment of acquittal was granted at the close of the government's case in chief. The trial then continued with Lee representing only Rubin, who was subsequently convicted. Lee represented the appellant in his first appeal before this Court.
 
 
 6
 Taking a hindsight view, many convicted defendants may condemn their counsel as ineffective. But the command of the constitution is for a battle, not a victory, as Judge Goldberg pointed out for us in Odom v. United States, 5 Cir., 1967, 377 F.2d 853, 859. The standard was articulated by Judge Wisdom in MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592, 599: 'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance'. We have never deviated from those principles. See United States v. Zarzour, 5 Cir. 1970, 432 F.2d 1 (decided September 23, 1970); Bendelow v. United States, 5 Cir. 1969, 418 F.2d 42, 50; Odom v. United States, supra; Brown v. Beto, 5 Cir. 1967, 377 F.2d 950, 957-58; and the additional cases collected in footnote 9 to Bendelow, supra, page 50 at 418 F.2d.
 
 
 7
 In this post-conviction motion, the burden was on the appellant to demonstrate such facts of incompetence as to entitle him to a full evidentiary hearing. Appellant failed entirely to meet that burden. As pointed out, Attorney Lee filed motions and appeared on behalf of Rubin in pretrial proceedings. It may hardly be urged as critical that he was not formally retained until the day before the trial. Equally unconvincing are appellant's additional arguments that Lee failed to call several witnesses who would have strengthened his defense, and that Lee injected an erroneous theory into the trial which might have confused the jury. Given that representation of counsel which meets the minimal standards noted above, decisions as to whether or not to call certain witnesses to the stand, whether to ask or refrain from asking certain questions, and the like, are tactical determinations. Errors, even egregious ones, in this respect do not provide a basis for postconviction relief. It appears that any incorrect theories injected into the case were corrected by the court's charge to the jury. The jury instructions have not been questioned, either on this or on the prior appeal, 414 F.2d 473.
 
 
 8
 It is further put forward that appellant's present counsel would have called to the stand to testify the persons whom Lee failed to call, and that this somehow constitutes 'newly discovered' evidence entitling the appellant to a new trial. Appellant bolsters this argument with the statement that subsequent to the trial he learned that Lee had a criminal record. It is also stated that Lee presently stands convicted of counterfeiting. These matters are strained into a contention that this conviction demonstrates that Lee was not a person of integrity who would serve his clients capably and with diligence, and this also is competent 'newly discovered' evidence which would entitle appellant to a new trial. that the granting of a new trial is a matter for the sound discretion of the trial court. In Weiss v. United States, 5 Cir. 1941, 122 F.2d 675, we set forth the elements of the showing which a movant must make in order to entitle him to a new trial:
 
 
 9
 1. The evidence must be discovered following the trial.
 
 
 10
 2. Facts must be alleged from which the court may infer diligence on the part of the movant to discover the new evidence.
 
 
 11
 3. The evidence must not be merely cumulative or impeaching.
 
 
 12
 4. The evidence must be material.
 
 
 13
 5. The evidence must be such that a new trial would probably produce a new result.
 
 
 14
 The absence of most, if not all, of these elements in the present case needs no further pointing up.
 
 
 15
 Again, in Rodriguez v. United States, 5 Cir. 1967, 373 F.2d 17, we held that where witnesses were neither unknown nor unavailable at the time of trial it could not later be urged that their testimony constituted 'newly discovered' evidence.
 
 
 16
 Appellant fares no better with respect to his allegations of improper joint representation of Alpert and Rubin by the same trial attorney. Counsel for Rubin in this case was not court-appointed. Lee was selected and employed by appellant, himself a lawyer, with knowledge that he already represented Alpert. Absent here is any allegation whatever that the interests of Rubin and Alpert were conflicting so as to prevent their joint counsel Lee from fully utilizing all defenses available to each defendant. The charge is simply that Lee failed to defend Rubin effectively. No impropriety in the joint representation is made to appear. It is further urged that the trial judge had an affirmative duty to inquire into the propriety of the joint representation. We recognize no such duty under the circumstances here presented.
 
 II.
 
 17
 MOTIONS FOR REDUCTION OF SENTENCE AND FOR DISCLOSURE OF PRE-SENTENCE REPORT
 
 
 18
 A motion for reduction of a validly-imposed sentence is addressed to the sound discretion of the trial court. Zaffarano v. Blackwell, 5 Cir. 1967,383 F.2d 719. The appellant was not entitled to a hearing as a matter of right on such motion.
 
 
 19
 Rule 32(c), Federal Rules of Civil Procedure provides that the disclosure of presentence reports is discretionary. Appellant may not demand the disclosure of presentence reports as a matter of right. United States v. Bakewell, 5 Cir. 1970, 430 F.2d 721, rehearing and rehearing en banc denied430 F.2d 721; United States v. Crutcher, 2 Cir. 1968, 405 F.2d 239; United States v. Trigg, 7 Cir. 1968, 392 F.2d 860; Roeth v. United States, 5 Cir. 1967, 380 F.2d 755.[6]
 
 
 20
 Joel Rubin has had his day in court. Unless our courts are to break down completely, there has to be a point at which the rule of finality takes over. That point has been reached and passed in this case.
 
 
 21
 Affirmed.
 
 
 
 [1]
 Appellant's first appearance in this Court on direct appeal from his conviction is recorded at 414 F.2d 473. We subsequently denied appellant's motion for rehearing and motion for stay of mandate. His petition for writ of certiorari was denied by the Supreme Court of the United States on January 12, 1970. 396 U.S. 1011, 90 S.Ct. 571, 24 L.Ed.2d 503
 Following our denial of rehearing and motion for stay of the mandate, the appellant filed in the court below several motions the denial of which give rise to this appeal. Hearing was held in the district court on October 30, 1969, and the motions were denied. That court had previously directed that the appellant surrender himself on October 20, 1969 to commence the service of his three year sentence.
 
 
 [2]
 The motion appears to have been viewed by the district court alternatively as a motion pursuant to Title 28, U.S.C. 2255 and as a motion for new trial. We so treat the motion on appeal
 
 
 [3]
 Substantially these same matters were raised by the appellant in his motion for rehearing in this Court and in his petition for writ of certiorari directed to the Supreme Court
 
 
 [4]
 See footnote 2, supra
 
 
 [5]
 The record reveals that Lee had also filed pretrial motions after arraignment on behalf of both Rubin and Alpert, but appellant's motion states that these motions in his behalf were filed as an accommodation and without fee by Lee
 
 
 [6]
 We recognize that some recent authorities argue that presentence reports should be available to the defendant as a matter of right. See American Bar Association Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures, Section 4.4; Lehrich, The Use and Disclosure of Pre-sentence Reports in the United States, 47 F.R.C. 225. See also State v. Kunz, 55 N.J. 128, 259 A.2d 895 (1969)