**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ray F. WILSON and Ruby J. Wilson,**
**Defendants-Appellants.**

**No. 30340**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 30, 1971.

Rehearing Denied April 22, 1971.

*[1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Roberson L. King, Houston, Tex., for appellants.

Anthony J. P. Farris, U. S. Atty., Theo W. Pinson, III, William B. Bowers, James R. Gough, Asst. U. S. Attys., Houston, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Ray F. Wilson and Ruby J. Wilson appeal following conviction and sentence for violations of 26 U.S.C.A. § 7201 and § 7206(1).[1] They contend that the District Court erroneously denied their motion to suppress the evidentiary fruits of an allegedly illegal governmental seizure and interrogation. Moreover, they claim that because the Government failed to prove willfulness, the court erroneously denied their motions for new trial and for acquittal. We dismiss the appeal as to Ray F. Wilson and affirm the trial court's judgment as to Ruby J. Wilson.

After a jury found Ray F. Wilson guilty of six counts of income tax evasion and failure to report income, the District Judge orally imposed sentence from the bench. Subsequently he published a written judgment reiterating his oral pronouncement. On both occasions the judge sentenced Wilson on three counts but imposed no sentence "at this time" on the other three. The Government argues that the judge's action has made Ray Wilson's appeal premature: there has been no final judgment with regard to three counts for which Wilson has been found guilty.

In criminal cases the sentence is the "final judgment" from which appeals may be taken. Parr v. United States, 1956, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377; Berman v. United States, 1937, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204; Yeloushan v. United States, 5 Cir. 1963, 313 F.2d 303, 304, cert. denied, 373 U.S. 912, 83 S.Ct. 1301, 10 L.Ed.2d 413; see Corey v. United States, 1963, 375 U.S. 169, 172, 84 S.Ct. 298, 11 L.Ed.2d 299; United States v. Hark, 1944, 320 U.S. 531, 534, 64 S.Ct. 359, 88 L.Ed. 290. Only probation comporting with 18 U.S.C.A. § 3651 obviates the necessity for imposition or execution of sentence to create a final decree in criminal proceedings. See, e. g., Andrews v. United States, 1963, 373 U.S. 334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383. Cognizant of the problems of piecemeal litigation, the Supreme Court has often emphasized the prerequisite of finality for appeal. See id. at 340, 83 S.Ct. 1236. Furthermore, when a multi-count indictment and verdict are involved, it is essential for post-conviction review that the record disclose the precise sentence for each count. White v. United States, 5 Cir. 1968, 396 F.2d 822, 826. This Court has strongly expressed its disapproval of general sentences in such instances. E. g., Putt v. United States, 5 Cir. 1968, 392 F.2d 64, 67, cert. denied, 393 U.S. 929, 89 S.Ct. 264, 21 L.Ed.2d 266; Benson v. United States, 5 Cir. 1964, 332 F.2d 288, 292; see Stonecipher v. United States, 5 Cir. 1969, 409 F.2d 745, 746.

In light of these authorities, it becomes clear that Ray Wilson has not

---

[1]. Section 7201 provides:
 Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.
 Section 7206 provides in pertinent part:
 Any person who—

(1) * * * Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter * * *
shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

received a final judgment entitling him to appellate review. *See* Carroll v. United States, 1957, 354 U.S. 394, 412, 77 S. Ct. 1332, 1 L.Ed.2d 1442; 28 U.S.C.A. § 1291. By no stretch of the imagination can a sentence, or fine, imposed on three counts of a six-count conviction be equated with a sentence imposed on all six counts. Nor can the trial judge's decision to withhold sentence on three counts be categorized as probation. Finally, the specific language of the District Court's judgment pretermits our consideration of the sentence as "general." Consequently, we dismiss Ray F. Wilson's appeal and remand this cause to the District Court for resentencing on all six counts. *See* White v. United States, *supra* 396 F.2d at 825–826.

Ruby J. Wilson, however, has satisfied the requirements of 28 U.S.C. A. § 1291, for the District Judge imposed specific fines on all six counts for which she was convicted. Having considered the record and the District Court's careful findings of fact and conclusions of law, we conclude that Mrs. Wilson's motion to suppress was properly denied. United States v. Prudden, 5 Cir. 1970, 424 F.2d 1021, cert. denied, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62; *see* United States v. Tonahill, 5 Cir. 1970, 430 F.2d 1042, 1044–1045; Marcus v. United States, 5 Cir. 1970, 422 F.2d 752, 756. Furthermore, examining the evidence in the light most favorable to the Government, the court committed no error in denying her motions for new trial and for acquittal on the ground that the Government had failed to prove willfulness. *See* United States v. Jernigan, 5 Cir. 1969, 411 F.2d 471, 473, cert. denied, 396 U.S. 927, 90 S.Ct. 262, 24 L. Ed.2d 225; Graves v. United States, 10 Cir. 1951, 191 F.2d 579, 582; cf. Marcus v. United States, *supra*, 422 F.2d at 755. *See also* United States v. Kolsky, 5 Cir. 1970, 423 F.2d 1111, 1113; United States v. Robertson, 5 Cir. 1969, 417 F. 2d 873, 875–876; Hale v. United States, 5 Cir. 1969, 410 F.2d 147, 149, cert. de-

nied, 396 U.S. 902, 90 S.Ct. 216, 24 L. Ed.2d 179.

The judgment as to Ruby J. Wilson is Affirmed. The appeal of Ray F. Wilson is Dismissed.