Charles Dee SCOTT, Doyle Monroe Cross,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 71–1597

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1971.

Rehearing Denied Oct. 12, 1971.

A. Cecil Palmour, Cook & Palmour, Summerville, Ga., for Doyle Monroe Cross.

William Jerry Westbrook, Summerville, Ga., for Charles Dee Scott.

John W. Stokes, Jr., U. S. Atty., J. Owen Forrester, Robert L. Smith, Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge.

Appellants Scott and Cross appeal from their conviction after a joint in-

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

dictment and trial on two counts of violating 18 U.S.C.A. § 1343.[1]

The fraud charged was that Scott and Cross made an unauthorized connection with the General Telephone Company's line in Dalton, Georgia, and then made long distance interstate calls without having subscribed for telephone service. The fraud was perfected by giving, for billing purposes, the phone numbers of other persons who did not know appellants and who did not give permission for their numbers to be so used.

■ Scott argues, among other things, that there was insufficient evidence to support his conviction. The record discloses that the unauthorized phone was located in Scott's home. Telephone company officials testified that Scott had neither made application for the phone in question nor could he have received installation had he applied due to an overdue account in excess of three hundred dollars on a phone at a previous residence. Furthermore the very nature of the installation, i. e., a "drop-line" off of the telephone cable running to a neighbor's residence, indicated that the phone had not been installed according to authorized telephone company procedures. The evidence also discloses that Scott participated in a conversation using the phone in question. Moreover, Scott permitted appellant Cross to use the illegal phone to make interstate calls. Furthermore, when Scott was arrested he made statements to the arresting officers attesting to the ease with which such phone installations could be obtained at a price of fifty dollars. The arresting officer was unsure whether Scott admitted to knowing that the installation was illegal.

However Scott did admit that "[he] must have been a damn fool" to tap the line which, he later learned, went to the home of a law enforcement officer.

The evidence against Cross consisted of proof of his use of the phone to make several interstate calls while giving different phone numbers for billing purposes. The calls were charged, at his direction, to persons who testified that they did not know either of the defendants and did not give permission for their numbers to be used. During the course of one of the calls made by Cross, he was heard to tell one of the other parties, "No don't call me. I'll call you * * *," thereby raising the inference that Cross knew that the phone was illegally installed and could be used only for outgoing calls if the secrecy of the illegal installation was to be preserved.

Upon this statement of the facts and evidence, we apply the familiar standard of Glasser v. United States [2] which has been long followed in this circuit.[3] Viewing the evidence presented most favorably to the government, we find the evidentiary basis for conviction to be entirely adequate.

■ It is further contended that it was reversible error for the government to argue to the jury in closing that there was evidence that on more than one occasion, appellant Cross told the party with whom he was talking not to try to call Cross back. This argument goes that the evidence was that Cross made this statement only once.

This claimed error falls under the harmless error standard of Rule 52, F.R.

---

1. 18 USCA, § 1343:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or arti-

fice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

2. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942).

3. Gordon v. United States, 5 Cir. 1971, 438 F.2d 858; United States v. Piercefield, 5 Cir. 1971, 437 F.2d 1188; United States

Crim.P.,[4] which makes it incumbent on the reviewing court to determine whether the matter complained of "affected substantial rights."

The record reveals that after objection to this portion of the government's argument, the trial judge stated to the jury that it was the jury's role to determine facts and that they were free to check the accuracy of the government's argument. Thereafter the prosecuting attorney stated to the jury that he might have been mistaken as to whether there were one or two occasions when Cross made the statement in question and urged the jurors to use their own judgment if he had unintentionally misstated the evidence.

■ This court has held that an inadvertent misstatement of fact which is neither pronounced nor persistent and where there is an instruction that the arguments of counsel are not to be treated as evidence, does not affect substantial rights within the meaning of Rule 52. Rubin v. United States, 5 Cir. 1969, 414 F.2d 473. Additionally, given any cumulative effect that the prosecutor's misstatement might have had, the matter erroneously referred to by the government was otherwise properly before the jury to the extent of the one occasion, thus reducing any prejudicial impact. See Buie v. United States, 5 Cir. 1969, 420 F.2d 1207.

Following these precedents and recognizing the remedial instructions by the court and the qualifying remarks by the prosecutor, we cannot conclude that the prosecutor's misstatement amounted to reversible error.

v. Preston, 5 Cir. 1969, 420 F.2d 60 (1969) ; Strauss v. United States, 5 Cir. 1963, 311 F.2d 926, 928.

4. Rule 52:
 "(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

5. Although the matter was not raised by appellants, this court has given careful consideration to whether 18 USCA § 1343

 There is no merit in the additional claim of error premised on the failure to give an instruction to the jury on the defense of good faith. This request was made after the original charge but before the jury retired. This defense was adequately covered in the charge as given.[5]

Affirmed.

covers a scheme to defraud the telephone company of revenues for interstate telephone service. That question has been answered in the affirmative. Brandon v. United States, 10 Cir. 1967, 382 F.2d 607 ; United States v. Beckley, N.D.Ga.1965, 259 F.Supp. 567 ; United States v. Hanna, S.D.Fla.1966, 260 F.Supp. 430, rev'd on other grounds, 5 Cir. 1968, 393 F.2d 700. There is no case to the contrary. We agree that the statute embraces the conduct charged here.