UNITED STATES of America

v.

Ralph C. GENAREO, Jr. and
Anthony DiNucci.

Crim. Nos. 71–89, 71–179.

United States District Court,
W. D. Pennsylvania.

Feb. 7, 1972.

Richard L. Thornburgh, U. S. Atty.,
James M. Seif, Asst. U. S. Atty., for
plaintiff.

Alfred V. Papa, New Castle, Pa., for
Genareo.

Francis Caiazza, New Castle, Pa., for
DiNucci.

OPINION AND ORDER ON DEFEND-
ANTS' MOTIONS FOR NEW
TRIAL AND JUDGMENT OF AC-
QUITTAL

KNOX, District Judge.

On December 17, 1970, a Federal
grand jury indicted the defendants,
Ralph C. Genareo, Jr. and Anthony Di-
Nucci, for the following violations of 18
U.S.C. § 2313 and 18 U.S.C. § 2: Count

1: Receiving, concealing and selling a stolen Cadillac on September 24, 1969. (This was referred to at trial as the "Birnbaum car", and was sold to Sam Rico.) Count 2: Receiving, concealing and selling a stolen Cadillac on September 29, 1969. (The "Seacoast Leasing" or "Stanley Furress" car; later sold to Ron Pettine.)

The indictment also charged Anthony DiNucci with a violation of 18 U.S.C. § 2313 as follows: Count 5: Receiving, and concealing a stolen Cadillac on May 17, 1969. (The "Pietrocola car".)

The above indictment which suffered from a technical defect, was superseded by a nearly identical one at Criminal No. 71–89. All parties agreed that motions previously filed under the old indictment, including a Motion to Suppress filed by defendant DiNucci and a Motion to Sever filed by the defendant Genareo, would be treated as filed under Criminal No. 71–89. Counts 3 and 4 and an additional indictment of Genareo at 71–179 Criminal were dismissed before trial.

On October 20, 1971, after about six hours of deliberation, the jury returned verdicts as follows: Count 1: Guilty as to both defendants; Count 2: Guilty as to defendant DiNucci, and unable to reach a verdict as to defendant Genareo; Count 5: Guilty. (Only DiNucci had been charged.")

The court determined by questioning the Foreman of the Jury, that the deadlock on Count two was "hopeless", and therefore the jury was dismissed. Sentencing has been deferred pending preparation of a presentence report.

The case is presently before this court on Motions for New Trial filed by each defendant and Motion for Judgment of Acquittal filed by defendant Genareo.

■ The first issue for consideration is whether the evidence was sufficient as to each count and whether the jury's verdict was supported by substantial evidence. A review of the testimony and records produced in court indicates that the jury had quite enough reliable evidence to conclude (1) that the cars of the witnesses Birnbaum, Furness and Pietrocola were in fact stolen on the dates given and (2) that in spite of a discrepancy of a digit or two in one of the serial numbers, those stolen cars were the ones charged against the defendants. The jury was properly permitted to assess the worth of the writings introduced as to the Birnbaum car in Count 1. Appellate courts have affirmed convictions where documentary and circumstantial evidence was similar to the case at bar. United States v. Brady, 425 F.2d 309 (8th Cir. 1970). United States v. Kolsky, 423 F.2d 1111 (5th Cir. 1970). The recent occurrence of the thefts in New York and Ohio and the other circumstances justified the inference that these defendants were engaged in the final steps of movements in interstate commerce and had guilty knowledge.

■ Defendant Genareo also contends that he was prejudiced by evidence against DiNucci being introduced in the joint trial. The jury was cautioned (N. T. 331–332) during the charge and also during the trial to consider the evidence against each defendant separately and also as to each count. That the jury was selective and discriminating in this respect is shown by the fact that they found Genareo guilty on Count 1 but were unable to agree on a verdict as to him on Count 2. Certainly, the manner in which he participated in the sale of the Birnbaum car (Count 1) was sufficient to show guilty knowledge on his part.

■ Both defendants, claim that the vehicles were insufficiently identified and that certificates of title should have been produced. In addition to what has previously been said as to sufficiency of evidence it should be pointed out that a certificate of title to a motor vehicle is some indicium of ownership but not the only evidence. Semple v. State Farm Mutual Automobile Ins. Co., 215 F.Supp. 645 (E.D.Pa.1963), Estate of Summers, 424 Pa. 195, 226 A.2d 197

(1967). There is nothing in the confrontation rule in the Sixth Amendment which displaces the ordinary evidentiary rules as to proof of documents or use of notes by a witness to refresh his recollection where the papers are available to defendant for cross-examination. See e. g. United States v. Paxton, 403 F.2d 631 (3d Cir. 1968).

Genareo further complains about the application of the presumption from possession of recently stolen property to him.[1]

The second issue raised by the defendant DiNucci is whether his Fourth Amendment rights were violated by the use of his state inspection records. The argument on this issue, also made on the previous Motion to Suppress, is that since the laws of Pennsylvania provide a penalty for the non-availability of certain records relative to inspection of vehicles, the imposition of that penalty is the only available sanction, unless the authorities have obtained a search warrant for those records. However, this argument is un-available to one who has given his consent to the search in question. On April 8, 1971, after taking testimony and hearing arguments of counsel, the court found that there had been consent to a search of the defendant's records and defendant had thus waived whatever rights he may have had to prevent the inspection. On the morning of November 14, 1969, a Pennsylvania State Police Officer (Witness Redenbaugh) appeared at DiNucci's place of business and asked to examine his inspection records, to which the defendant, according to the officer, responded "fine". The officer then proceeded to examine the records and to take notes therefrom in the presence of the defendant who did not object. The jury likewise heard all the evidence which DiNucci wished to present on the consent issue. As a matter of fact, Ronald Genareo, son of the co-defendant, testified that DiNucci was not there at the time. This raised a sharp issue of credibility which was submitted to the jury with appropriate instructions. Having been charged on the consent issue,[2] the jury verdict indicates that it also found that the defendant

---

1. See N.T. 335 where the court instructed the jury as follows:

   "Now, if you should find beyond a reasonable doubt, from the evidence in this case, that the automobile or automobiles described in the indictment were stolen and were moved in interstate commerce as charged and that, while recently stolen, the property was in the possession of the accused in another state than that in which it was stolen, you may, from these facts, draw the inference that the property had moved in interstate commerce and that a defendant or defendant knew that it was stolen, unless the possession of this recently stolen property by the accused in this other state is explained to your satisfaction by other facts and circumstances in the case.

   "In considering whether possession of recently stolen property has been satisfactorily explained, the jury are again reminded that, in the exercise of constitutional rights, the accused need not take the witness stand and testify. There may be opportunities to explain the possession by showing other facts and circumstances, independent of the testimony of the defendant. You will always bear in mind, as I have told you, the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. It is the exclusive province of you members of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits you to draw from possession of the recently stolen property. If any possession the accused may have of recently stolen property is consistent with innocence, or if you entertain a reasonable doubt, you will, of course, acquit him. And, of course, I want to again tell you that the law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised and no inference of any kind may be drawn from the failure of a defendant to testify." This instruction was clearly proper. United States v. Mitchell, 427 F.2d 1280 (3d Cir. 1970).

2. Pp. 345–346 of charge.

had given his consent to the search of his records.

Factually the instant case is quite different than that presented in Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970); here there was no forcible entry. Being a duly licensed operator of a state motor vehicle inspection facility, by the grace of Pennsylvania State law, DiNucci should not now be heard to complain that an inspection of his records, consented to and within the contemplation of the Pennsylvania statutory Scheme,[3] was unreasonable. We find nothing unreasonable in this inspection. If he wanted to run an automobile inspection station under Pennsylvania law, he knew that such inspections were to be expected. Further, it appears that these records were not used at trial, but certified copies of the originals from Harrisburg were offered. These were available to the police and government at all times and were certainly admissible. We are cognizant of United States v. Biswell, 442 F.2d 1189 (10 Cir. 1971) cert. granted, 1971, 404 U.S. 983, 92 S.Ct. 445, 30 L.Ed.2d 366, involving a search of gun shop premises. In that case, however, the proprietor specifically demanded a warrant. Here no warrant was demanded. There are countless state and federal licensing laws requiring the licensee to make his records available for inspection by enforcement officials. We cannot believe that the court in Colonnade, supra, intended to strike down all these provisions. Instead, we note that the court adhered to prior language that such matters be resolved "on a case-by-case basis under the general Fourth Amendment standard of reasonableness".

■ With respect to defendant Genareo, it is obvious that he had no standing to complain about the police looking at DiNucci's records. See United States v. Wing, 450 F.2d 806 (9th Cir. 1971). A third issue is whether the court acted within its discretion in denying defendant Genareo's Motion for Severance. Federal Rule of Criminal Procedure Rule 14 provides that the grant or denial of a severance is within the discretion of the trial judge. United States v. Tomlin, 380 F.2d 373 (3d Cir. 1967). In this case the defendant having failed to present circumstances requiring a severance, the motion was properly denied. Defendant Genareo apparently is attempting to complain that out of court statements of DiNucci were used against him in violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Such is not the case. Neither defendant took the stand. No statements by either against the other were permitted or offered. In view of the cautions of the court and the obvious careful and selective approach to the evidence by the jury it is not apparent how Genareo was harmed by introduction of DiNucci's inspection records.

In any event, the other evidence was overwhelming as to the guilt of these defendants. See United States ex rel. Ross v. LaVallee, 448 F.2d 552 (2d Cir. 1971).

Further grounds raised in support of the Motions for New Trial were not briefed or argued. We find them without merit and the Motions for New Trial and Judgment of Acquittal must be denied.

3. 75 P.S. § 819(h) "An official inspection station and the records thereof shall be open for inspection by any peace officer or department employe. The owner of an official inspection station shall file with the department, in a form prescribed and furnished by the department, such information relating to daily inspections as the secretary may require."