**UNITED STATES of America**

v.

**Ralph C. GENAREO, Jr., and Anthony Di Nucci.**

**Appeal of Anthony DI NUCCI.**
**No. 72–1311.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Aug. 28, 1972.

Decided Sept. 12, 1972.

Francis X. Caiazza, Caiazza & Lamancusa, New Castle, Pa., for appellants.

Richard L. Thornburgh, U. S. Atty., James M. Seif, Pittsburgh, Pa., Kathleen Kelly Curtin, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ADAMS, JAMES ROSEN, Circuit Judges, and LUONGO, District Judge.

OPINION OF THE COURT

PER CURIAM:

The defendants, Ralph C. Genareo, Jr. and Anthony DiNucci, were indicted on December 17, 1970 by a federal grand jury for violations of 18 U.S.C. § 2313 and 18 U.S.C. § 2. These violations involved the receiving, concealing, and selling of stolen Cadillacs in interstate commerce. Both defendants were found guilty on Count 1 of receiving, concealing and selling a stolen Cadillac. The jury also returned a guilty verdict against DiNucci on Count 2 (receiving, concealing and selling) and Count 5 (receiving and concealing). Motions for a New Trial were filed by each defendant and a Motion for Judgment of Acquittal

was filed by defendant Genareo. The motions were denied. Defendant Genareo does not appeal.

■ DiNucci operated a licensed motor vehicle inspection station in the Commonwealth of Pennsylvania. The facts of the case are set out in the District Court's opinion at 337 F.Supp. 1003 (W.D.Pa.1972). This appeal raises two questions. The first is whether the examination of the inspection records of the motor vehicle inspection station by a Pennsylvania State Police Officer, and the subsequent introduction into evidence of certified copies of the original records filed with the Secretary of the Department of Revenue, constituted a violation of the Fourth Amendment of the United States Constitution. We find this contention to be without substance. The record supports the District Court's finding that the defendant had consented to the search of his records.[1] The search was not accompanied by any force, and the consent was given freely and voluntarily. The appellant thus waived his right to object to the inspection.

The appellant also relies on United States v. Biswell, 442 F.2d 1189 (10th Cir. 1971). Subsequent to the filing of appellant's brief in this court, the United States Supreme Court reversed *Biswell*. The Court was confronted with an inspection and seizure made pursuant to the Gun Control Act of 1968. The Court focused its attention on the statutory authority for the search, rather than on the issue of consent. In United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87, 1972, Mr. Justice White said:

"In the context of a regulatory inspection system of business premises that is carefully limited in time, place, and scope, the legality of the search depends not on consent but on the authority of a valid statute." 315, at 1596.

The court observed that federally licensed firearm dealers engage in their business with the knowledge that their records and business premises will be subject to search and concluded that the warrantless search, conducted under the inspection procedure authorized by the Gun Control Act of 1968, did not violate the Fourth Amendment. In this case, DiNucci's motor vehicle inspection facility was licensed by the State. The relevant Pennsylvania statute[2] authorizes the inspection of the records and the station. The search was limited in time, place, and scope, and it was in accordance with a valid statute. There is no legal basis for complaint.

■ The appellant argues that the admission into evidence of certified copies of the original inspection records filed with the Department of Revenue as required by the statute was erroneous. We have considered this contention and find it to be without merit.

Finally, DiNucci contends that the vehicles in question were not properly identified. The District Court found that the identification was proper. We agree with the District Court's resolution of this issue.

The conviction will be affirmed.

---

1. The Pennsylvania State Police Officer (witness Redenbaugh) went to DiNucci's place of business and told him he wished to examine appellant's inspection records. Appellant replied, "Fine, you know where they are at." (N.T. p. 136).

2. 75 Purdon's Statutes 819(h) "An official inspection station and the records thereof shall be open for inspection by any peace officer or department employe. The owner of an official inspection station shall file with the department [of Revenue], on a form prescribed and furnished by the department, such information relating to daily inspections as the secretary may require."